**MID–WEST ELECTRIC COOPERATIVE, INC., et al., Appellants,**

v.

**WEST TEXAS CHAMBER OF COMMERCE, Appellee.**

**No. 4159.**

Court of Civil Appeals of Texas.

Waco.

July 11, 1963.

Rehearing Denied Aug. 15, 1963.

are members of appellee corporation, chartered without capital stock as a Chamber of Commerce to promote the civic and business interests of the western Texas area. Joined as defendant was its executive vice president.

Appellants alleged appellee published a magazine, periodically distributed to its 3500 members, in which appellants had attempted to place advertising which was refused; that denial of the right to buy advertising space constituted unfair discrimination against them as members; that it was beyond the purpose of appellee "to refuse these plaintiffs the right even to advertise their existence in the official publication of the corporation"; that as members they were entitled to "state their position" in the pages of the magazine. They prayed for declaration of their rights as entitling them to equal treatment by the official publication and acceptance of their advertising therein, an order enjoining defendants from denying them the right to place advertising in the magazine or refusing to accept copy for publication, and enjoining acts or communications with members to deny them full and equal treatment. Pleadings and depositions constitute the record.

The publishers of newspapers or magazines are generally under no obligation to accept advertising from any and all who may apply for its publication, but are free to deal or decline to contract with whom they please. 87 A.L.R. 979; 39 Am. Jur. Sec. 22, p. 12. Appellants recognize this rule, and state they do not contend they have "the right to place all the advertising offered in the magazine" or that appellee "has a legal duty to publish the advertising of anyone who submits it." They concede "the publisher may publish or refuse to publish advertising as he wishes." This would appear to end the case; but appellants say the further issue is that refusal of their advertising unfairly discriminates against them as members of appellee. They say an arbitrary decision has been made

Bradbury, Tippen & Brown, Abilene, Powell, Rauhut, McGinnis, Reavley & Lochridge, Austin, Robert R. Patterson, Snyder, for appellant.

McGown, Godfrey, Logan & Decker, Ft. Worth, for appellee.

WILSON, Justice.

Summary judgment for defendants was rendered in appellants' action for declaratory judgment and injunction. Appellants

that no advertising from them will be accepted by appellee, "no matter what it says."

The undisputed record before the trial court refutes this position. Appellants submitted a series of advertisements for publication. Appellees' by-laws vested determination of its policy in its board of directors, some 135 in number. When the series of ads was submitted, the directors adopted a resolution to the effect that the magazine would not accept advertising where the content is contrary to the policies of the organization, and the tendered advertisements were rejected for publication. Appellees were informed that the content of their advertising would not be found objectionable "if it omits any presentation of political or economic philosophy contrary to our policies. To be specific in citing one instance, advertising which relates entirely to the sale of a product or service would encounter no objection from or conflict with our policies."

To hold as appellants ask would constitute judicial intervention to change the policy of West Texas Chamber of Commerce. Courts are not to interest themselves in the internal policy of a non-profit organization such as appellee, except to see that it is fairly administered and is not contrary to law. Screwmen's Ben. Ass'n. v. Benson, 76 Tex. 552, 13 S.W. 379, 380; 14 Tex.Jur.2d 342; 6 Tex.Jur.2d 532. Whether the policy be wise, be in the best interests of its membership, or be acceptable to the court are not questions justifying the interposition of judicial action

Appellants say there may be many valid reasons for rejecting their advertising, among which are that "the copy might be objectionable for conflict with some bona fide policy which would exclude it regardless of who tendered it", and state, "We agree that the board of directors could, if they wished, exclude every statement with which any person in West Texas disagreed." Without adopting this broad statement, if appellants' contention is that

membership in the organization places them in a status different from that in which they admit other advertisers to be, we find no authority for the position. In our opinion appellee's non-duty to accept all advertising tendered was not altered by appellants' admission to its membership, and appellee was not thereby deprived of the right to exercise choice in selecting the content of advertisements to be circulated to its members.

The record negatives existence of any genuine issue of material fact, and the summary judgment was proper. Affirmed.