Gregory D. BALLARD, Appellant,

v.

HILLCREST STATE BANK OF UNIVERSITY PARK, Appellee.

No. 20107.

Court of Civil Appeals of Texas, Dallas.

Nov. 26, 1979.

Rehearing Denied Jan. 16, 1980.

Marc K. Greenburg, George S. Henry, Dallas, for appellant.

Franklin H. McCallum, Lokey & McCallum, Dallas, for appellee.

Before AKIN, ROBERTSON and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Gregory D. Ballard, appellant, sued Hillcrest State Bank of University Park, appellee, under the Consumer Credit Code, Tex.Rev.Civ.Stat.Ann. art. 5069–4.02 (Vernon 1971), claiming that he did not receive a copy of a credit life insurance policy which he provided as security for a loan made to him by the bank. Trial was to a jury which found that the copy had not been sent, that such failure was the result of a bona fide error on the part of the bank, and that no reasonable procedures had been adopted by the bank to prevent such errors. The court rendered judgment for the bank, and Ballard appeals contending the jury's answer to the latter issue required judgment in his favor. We agree and reverse and render judgment for Ballard, but remand for a determination of attorney's fees for Ballard's attorney.

The parties stipulated that Ballard and the bank entered into an installment loan contract which contained a charge of $102.56 for credit life insurance as part of the finance charge of $899.46. Ballard sued the bank alleging a violation of Tex.Rev.Civ.Stat.Ann. art. 5069–4.02(5) (Vernon 1971) of the Consumer Credit Code. This section mandates that in the event that a lender requests or requires a borrower to provide credit life insurance to be procured by the lender, "the lender shall within thirty days after execution of the loan contract deliver, mail or cause to be mailed to the borrower at his address as specified in the contract, a policy, or policies, or certificates of insurance, clearly setting forth [the amount of premiums, kind of coverage, and terms of the policy]."

The bank pleaded that any failure to mail the policy was the result of a bona fide error under Tex.Rev.Civ.Stat.Ann. art. 5069–8.01(f) (Vernon Supp.1978–1979), which provides a defense to any lender in an action under the statute if the lender can show by a preponderance of the evidence that "the violation was not intentional and resulted from a bona fide error *notwithstanding the maintenance procedures reasonably adopted to avoid such violation . . . .*" [Emphasis added.] Ballard argues that in order for a lender to prove a defense under this section he must prove both a bona fide error and that procedures reasonably adopted to avoid such errors had been established by the bank. We agree. This statute requires that a bona fide error must be made *notwithstanding* the maintenance of procedures to avoid the error. Consequently each element must be proved. Because the jury found that the bank did not maintain procedures calculated to avoid a violation of the code, the bank failed to establish an essential element of its defense. Thus, a judgment should have been rendered for Ballard.

Our view is supported by cases under the Federal Truth in Lending Act, 15 U.S.C.A. § 1640(c) (Supp.1979), a similar federal stat-

ute, which provides that "A creditor may not be held liable in any action brought under this section . . . if the creditor shows by a preponderance of the evidence that *the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.*" [Emphasis added.] The cases construing this statute have held that this statute requires proof of bona fide error *and* reasonable procedures. *McGowan v. King, Inc.*, 569 F.2d 845, 849 (5th Cir. 1978); *Mirabal v. General Motors Acceptance Corp.*, 537 F.2d 871, 877 (7th Cir. 1976).

■ The bank argues, however, that the judgment was correct because the court properly disregarded the jury's answer that the bank did not maintain reasonable procedures on the grounds that the finding is against the great weight and preponderance of the evidence. Nothing in the record suggests that the court disregarded the jury's answer to the third issue. Moreover, the court could not have disregarded the answer on this ground. The court could not have disregarded the answer and rendered judgment for the bank unless it found that there was *no* evidence to support the jury's answer that the bank did not maintain reasonable procedures as required by the statute. Tex.R.Civ.P. 301 allows a judge to disregard an answer to a special issue only upon a motion based on the ground that the finding has "no support in the evidence." *Garza v. Aviar*, 395 S.W.2d 821, 824 (1965); *Colom v. Vivitow*, 435 S.W.2d 187, 190–91 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). Since no motion and ruling are in the record, the judge erred in rendering judgment in derogation of the jury's answer to this issue.

■ The bank asserts several cross-points complaining of the admission of certain evidence and requesting remand. First, it complains of testimony concerning variations in Ballard's signature on two different copies of the installment loan contract. Secondly, it complains of several questions and answers concerning whether Ballard was required by the bank to purchase credit

life insurance, and thirdly, it complains of testimony by bank employees regarding the typical premium amount for the insurance. Lastly, it contends that the admission of a certified letter mailed to Ballard containing a refund on unearned credit life insurance premiums was error. We hold that while this evidence may not have been within the ambit of the pleadings, any error in its admission was harmless because it does not bear upon the issues submitted to the jury and thus probably did not affect the jury responses to the issues submitted. Accordingly, we overrule appellee's cross-points.

■ Consequently, we reverse and render judgment for Ballard in the amount of $1,798.92, which is twice the interest charged for the installment loan, with interest at 9% from April 27, 1979, until paid. We deny Ballard's claim for prejudgment interest because the judgment against the bank is a penalty under the Consumer Credit Code and penalties draw only postjudgment interest. *Baum v. Daniels,* 118 S.W. 754, 755 (Tex.Civ.App.—1909, no writ). Ballard also sued for attorney's fees under article 5069–8.01(b), but he rested with the judge's consent, contingent on proving attorney's fees in the event of judgment in his favor. Since judgment was rendered against him, he was not afforded a subsequent opportunity to present evidence on attorney's fees. Consequently, we remand this cause for the limited purpose of determining a reasonable attorney's fee to be awarded appellant's attorney. Tex.R. Civ.P. 434.