**Wanda R. LEE, Plaintiff–Appellant,**

v.

**The NATIONAL LIFE ASSURANCE COMPANY OF CANADA, Defendant–Appellee.**

**No. 79–2473.**

United States Court of Appeals, Fifth Circuit.

Jan. 30, 1981.

Alvin Boyd, Dallas, Tex., for plaintiff–appellant.

Thompson & Knight, John A. Mackintosh, Jr., O. Paul Corley, Jr., Dallas, Tex., for defendant–appellee.

ON PETITION FOR REHEARING

Before THORNBERRY, GEE and REAVLEY, Circuit Judges.

REAVLEY, Circuit Judge:

After we rendered our decision in this case, *see Lee v. National Life Assurance Company*, 632 F.2d 524 (5th Cir. 1980), counsel for appellee on petition for rehearing brought to our attention a recent decision by the Texas Supreme Court on the subject of the insurer's misrepresentation defense.

In our previous opinion, we stated:

"*Washington [v. Reliable Life Insurance Co.*, 581 S.W.2d 153, 160 (Tex.1979)], appears to establish the rule that intent to deceive or induce issuance of an insurance policy can never be proved as a matter of law to establish the misrepresentation defense in absence of either a warranty that the facts contained in the application are true or evidence of collusion between the applicant and the insurance agent."

632 F.2d at 528.

The Texas Supreme Court's most recent pronouncement on the misrepresentation

defense is contained in *Mayes v. Massachusetts Mutual Life Insurance Co.*, 608 S.W.2d 612 (1980). In *Mayes*, the insurance company contended that the evidence, showing the insured had failed to disclose that certain answers in the health history portion of his application had become untrue, established as a matter of law the insured's intent to deceive or induce issuance of the policy. 608 S.W.2d at 615. The Texas Supreme Court disagreed after a consideration of the facts and held that intent was *not* established as a matter of law. Since there was no question of collusion between the insurance agent and the applicant in *Mayes*, and since it was held the applicant's statements regarding his health history were representations and not warranties, 608 S.W.2d at 616, the clear implication of the *Mayes* decision is that intent to deceive or induce issuance of the policy can, under Texas law, be established as a matter of law regardless of whether there is any evidence of collusion or a warranty by the insured.

· Although *Washington v. Reliable Life Insurance Co.* was cited three times in *Mayes*, the Texas Supreme Court did not hold that intent to deceive or induce issuance of an insurance policy can never be proved as a matter of law unless there is a warranty or collusion. Therefore, the interpretation of Texas law contained in our previous opinion is incorrect in view of the Texas Supreme Court's decision in *Mayes*. Nonetheless, we hold that appellee failed to establish the insured's intent to deceive or induce issuance of the policy as a matter of law for the reasons set forth in our previous opinion. *Lee*, 632 F.2d at 528–29.

IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby DENIED.