**FORD MOTOR CREDIT CO. and Tradewinds Ford Sales, Inc., Appellants,**

v.

**Mary Jane GALBRAITH, Appellee.**

**No. 17978.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 7, 1981.
Rehearing Denied June 11, 1981.

Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.).

Porter, Gonzales & Rogers, Rick Rogers, Andrew J. Lehrman, Sorrell, Anderson, Sorrell & Chachere, Corpus Christi, for appellants.

Marcel Greenia, Corpus Christi, for appellee.

Before WARREN, EVANS and DOYLE, JJ.

WARREN, Justice.

This is an appeal from a summary judgment which awarded appellee $4,000 plus attorneys fees of $1250 because of violations of art. 5069–7.06(3), V.A.C.S., commonly referred to as the Texas Consumer Credit Code. Although the facts differ slightly, the legal issues herein are the same as those presented in *Portland Tradewinds*

*Ford and Ford Motor Credit Company v. Lugo*, (Tex.Civ.App.—Corpus Christi, February 12, 1981, as yet unreported).

On July 19, 1977, appellee bought a new Ford Granada automobile from appellant, Tradewinds Ford Sales, Inc. (Tradewinds). To finance the purchase, she executed a retail installment contract in favor of Tradewinds. A short time later the contract was assigned to Ford Motor Credit Co. (Ford). Within the installment sales contract was a paragraph entitled OPTIONAL INSURANCE. The complete portions of the contract show that appellee bought physical damage insurance through Southern County Mutual, a company selected by Tradewinds. The rates of this insurance company are not fixed or approved by the State Board of Insurance of Texas. Following the paragraph in the contract providing for physical damage insurance was a blank square which, if checked, would indicate that the rates of the insurance carrier listed previously (in this case Southern County Mutual) were not fixed or approved by the State Board of Insurance. This square was not checked.

Appellee's suit alleged a violation of art. 5069–7.06(3), in that appellants failed to disclose to her that the property damage insurance sold or procured by the seller was obtained through an insurer whose premiums or rates were not fixed or approved by the State Board of Insurance. Neither appellant contests the fact that there was an initial violation of the above statute, but both contend that the violation was cured by a correction letter.

Ford contends that:

(1) As a subsequent assignee it had no duty to disclose information about physical damage insurance that appellee purchased through the dealer.

(2) That if it did have a duty to disclose information that the insurance rates were not fixed or approved by the State Board of Insurance, it complied with that duty by sending a correction notice as provided by art. 5069–8.01(c)(2).

(3) That any violation was a bona fide error therefore summary judgment should not have been granted.

Tradewinds contends that:

(1) the correction notice was sufficient to put it in compliance with the act, and

(2) any violation was the result of a bona fide error.

■ Ford's contention that, as an assignee, it was under no duty to disclose any information regarding physical damage insurance is overruled. Both the seller and the holder are liable under the penalty provisions of art. 5069–8.01(b) for a violation of art. 5069–7.06. *Espinoza v. Victoria Bank and Trust Co.*, 572 S.W.2d 816 (Tex.Civ.App. —Corpus Christi 1978, writ ref'd n. r. e.).

■ The point of error, presented by both appellants, contending that any violations which might have occurred were the result of a bona fide error, is also overruled. The only evidence presented in the trial court incident to this contention was an affidavit by Mr. Embree Hulsey, the assistant branch manager of Ford, as follows:

Ford Motor Credit Company maintains practices and procedures in each of its offices which are reasonably adopted to avoid violations of the Texas Consumer laws, the Federal Truth-In-Lending Act, and Regulation Z, and any violation which may be found by the Courts attributable to Ford Motor Credit Company occurred as a result of an accident or bona fide error, notwithstanding the maintenance of the procedures which are designed to avoid errors.

The affidavit states only conclusions. The defense of bona fide error is an affirmative defense on which appellants were required to present proof in order to create a fact issue. Conclusions are insufficient to raise such an issue. *Life Insurance Company of Virginia v. Gar-Dal., Inc.*, 570 S.W.2d 378 (Tex.1978); *McDonald v. Savoy*, 501 S.W.2d 400 (Tex.Civ.App.—San Antonio 1973, no writ).

■ Appellants' remaining points of error contend that under art. 5069–8.01(c)(2), they satisfied their notice of obligations by

sending within 60 days from the effective date of Sec. 7.06, the following notice:

Dear Customer,

As a result of our review of your account we note the following:

If physical damage insurance written by a county mutual insurance company was included in your agreement, your agreement may not have indicated that the rate charged for such insurance was not fixed or approved by the Texas State Board of Insurance. The rate for such insurance was not so fixed or approved.

In all respects, your agreement with us remains as stated. Please keep this notice for your records.

Very truly yours,
Ford Motor Credit Company

Generally, art. 5069–8.01(c)(1) and (2) provide that a violator of Section 7.06(3) may cure the violation by properly informing the obligor within 60 days after August 31, 1977. As stated in *Portland Tradewinds Ford, et al., v. Lugo, supra,* the letter (identical to ours) did not comply with sec. 8.01(c)(2) because it does not unequivocally inform the buyer that the rate charged for the insurance was not approved by the State Board of Insurance. We agree with that holding.

Affirmed.