ESTATE OF Harvey DIGGS, Appellant,

v.

ENTERPRISE LIFE INSURANCE
CO., Appellee.

No. 01–82–0402–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Motion for Rehearing Denied
Feb. 10, 1983.

Before WARREN, JACK SMITH and
BULLOCK, JJ.

---

**ON MOTION FOR REHEARING**

WARREN, Justice.

In its motion for rehearing appellant calls our attention to the opinion on rehearing in *Lee v. The National Life Assurance Company of Canada,* 635 F.2d 516, 517 (5th Cir.) where it withdrew its language used in its original opinion which stated that "intent to deceive or induce issuance of an insurance policy can never be proved as a matter of law to establish the misrepresentation defense in the absence of a warranty that the facts contained in the application are true or evidence of collusion between the applicant and the insurance agent." 632 F.2d at 517 (5th Cir.).

Although we cited the language in our original opinion, 646 S.W.2d 573, our holding on the issue of intent to deceive was as follows: "We are of the opinion that we may not presume an intent to deceive from the fact that Mr. Diggs, with a long history of heart ailments, made false statements on his application for insurance."

We do not hold that a summary judgment may never be obtained in a life insurance dispute on the basis of an insurance company's affirmative defense of material misrepresentation, as appellant contends. We do hold that the evidence presented and the allowable presumptions were insufficient in this case to prove as a matter of law that the deceased made application for insurance with intent to deceive.

Appellee's motion for rehearing is denied.