**Scottie MILLER, Individually and d/b/a Miller Motor Company, Appellant,**

v.

**Roberto SOLIZ and Wife, Norma Soliz, Appellees.**

No. 2502cv.

Court of Appeals of Texas, Corpus Christi.

Feb. 17, 1983.

Rene Luna, Mahoney, Shaffer, Hatch & Layton, Corpus Christi, for appellant.

J. Kenneth Dahlberg, Jr., Wood & Burney, Corpus Christi, for appellees.

Before BISSETT, YOUNG and NOAH KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

This is an appeal from a summary judgment which awarded appellee $2,846.52 plus attorney's fees of $900 under Tex.Rev.Civ. Stat.Ann. art. 5069–7.02 (Vernon Supp. 1982), commonly referred to as the Consumer Credit Code, and $1,916.52 plus attorney's fees of $948 under Tex.Bus. & Com.Code Ann. § 17.50 (Vernon Supp.1982), commonly referred to as the Deceptive Trade Practices—Consumer Protection Act, hereinafter D.T.P.A.

On June 26, 1980, appellees purchased a 1979 Chevrolet Camaro from the appellant. The appellees tendered a $1,500 cash down payment for which they were given a receipt, and credit in a "retail order for a motor vehicle." Two days later the appellees returned to appellant's place of business and wanted to trade the Camaro for a larger automobile because Mrs. Soliz was recovering from a broken leg. Appellant agreed to exchange the Camaro for a 1979 Monte Carlo, providing appellees would make an additional $465 down payment. Appellees tendered the $465 in cash and were given a receipt which stated "down payment on 79 Monte Carlo."

Thereafter, a "motor vehicle contract," including financing for the Monte Carlo was executed. The contract, however, only reflected the $1,500 down payment. There was no credit given for the $465 down payment. The exclusion of the additional $465 as a down payment forms the basis of this lawsuit.

The Consumer Credit Code (CCC) requires under Tex.Rev.Civ.Stat.Ann. art. 5069–7.02:

"(1) Each retail installment contract shall be in writing, . . . and completed as to all essential provisions . . .

\* \* \* \* \* \*

(6) The retail installment contract shall specifically set out the following items:

\* \* \* \* \* \*

(b) The amount of the buyer's down payment, if any, specifying the

amounts paid in money and in goods traded in; ..."

Appellant does not deny the violation charged under the Consumer Credit Code. Instead, he relies on the bona fide error defense under art. 5069–8.01(f):

"(f) A person may not be held liable in any action brought under this Article ... if such person shows by a preponderance of evidence that (1) the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such violation...."

■ This defense raises questions of both substantive and procedural law. The substantive aspect involves a two-prong test: (1) proof of the bona fide error *and* (2) that procedures had been adopted to avoid such errors. Each is an essential element. *Ballard v. Hillcrest State Bank of University Park,* 592 S.W.2d 373, 374 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.).

In *First Federal Savings and Loan Association of San Antonio v. Bustamante,* 609 S.W.2d 845, 848 (Tex.Civ.App.—San Antonio 1980, no writ), cited by the appellees, the above two-prong test was applied in a summary judgment proceeding:

"We have in this case no summary judgment evidence which indicates that defendant had adopted any procedures reasonably calculated to avoid the violation in question. To take advantage of this defense, a creditor must show that procedures have been adopted which are designed to avoid and prevent the errors." [1]

The procedural aspect is found in Rule 166–A, Tex.R.Civ.P. which governs summary judgment proceedings. It requires that issues be expressly presented to the trial court:

"(c) Motion and Proceedings Thereon. The motion for summary judgment shall state the specific grounds therefor.... No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing, ... show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or any other response. *Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.* A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, ... if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." (Emphasis added.)

■ The Supreme Court interpreted this rule in *City of Houston v. Clear Creek Basin* and determined that there were two distinct challenges to a summary judgment: (1) a general attack on the legal sufficiency of the grounds upon which the movant relies, and (2) an assertion of an affirmative defense to the movant's grounds. Regarding the first: "[T]he non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support summary judgment." *City of Houston v. Clear Creek Basin,* 589 S.W.2d 671, 678 (Tex.1979). However, in regard to the affirmative defense challenge, as has been asserted in this case, the court stated: "[T]he non-movant must expressly present to the trial court any reasons seeking to *avoid* movant's entitlement, such as those set out in Rules 93 [verified pleas] and 94 [affirmative defenses], and he must present summary judgment proof when necessary to establish a fact issue." Id. at 678; *Westland Oil Development Corp. v. Gulf Oil,* 637

---

1. See, e.g., *Ormsby v. Parker Square Bank,* 610 S.W.2d 246 (Tex.Civ.App.—Fort Worth, 1980, no writ) (summary evidence showed maintenance of procedures); *Seitz v. Lamar Sav.*

*Ass'n,* 618 S.W.2d 142 (Tex.Civ.App.—Austin 1981, no writ) (requiring an "extra preventative step, a safety catch or a rechecking mechanism ...").

S.W.2d 903, 907 (Tex.1982). The non-movant must now, in an answer or response expressly present those issues, and proof if necessary, that would defeat the movant's right to a summary judgment and, failing to do so, may not later assign them as error on appeal. *City of Houston v. Clear Creek Basin Authority,* supra, at 679; *Ramirez v. Bagley Produce Company,* 614 S.W.2d 582, 584 (Tex.Civ.App.—Corpus Christi 1981, no writ).

■ Therefore, under Rule 166–A(c), appellant must expressly present in writing to the trial court the issues involved in that defense (bona fide error and any procedure adopted to avoid such error) *and* the necessary summary judgment proof establishing that defense. In his response to appellees' motion for summary judgment, appellant pled only that his acts were not intentional and resulted from a bona fide error. There is no allegation whatsoever of procedures reasonably adopted to avoid such violation. Therefore, the second prong of the bona fide error defense, i.e., adoption and maintenance of preventive procedures, was not expressly presented to the trial court and shall not be considered on appeal. *City of Houston v. Clear Creek Basin Authority,* supra.

■ Further, it was incumbent upon appellant to present summary judgment proof establishing a fact issue on the affirmative defense of bona fide error. *Ford Motor Credit Co. v. Galbraith,* 619 S.W.2d 2, 4 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). Appellant's response to the motion for summary judgment contains *no* facts, nor does it direct us (or the trial court) to any. Appellant contends on appeal that the act was unintentional because appellees knew the $465 was to be a down payment, and their receipt so stated. Appellant asserts only one procedure maintained to prevent error, that being the delegation solely to the manager of the duty of filling out the contracts. However, the salesman accepted the money and issued the

receipt. This is insufficient proof to create a fact issue regarding bona fide error. For the above reasons we find the appellant failed to properly raise a fact issue of bona fide error, and the summary judgment on the Consumer Credit Code violation was proper.

Appellant's second point deals with damages resulting from the Deceptive Trade Practices Act (DTPA) violation, and will therefore be addressed following his third point.

■ Appellant's third supplemental point contends that there was no proof that appellant violated the DTPA. Appellees' motion for summary judgment alleged a violation of either Section 17.50(a)(3)[2] or 17.46(b)(12)[3]. The final summary judgment is not specific and orders recovery under the DTPA generally. Our affirmation of the 17.50(a)(3) violation renders unnecessary any discussion of the 17.46(b)(2) allegation, as an appellate court will sustain the judgment of a trial court if it is correct on any theory of law applicable to the case. *Gulf Land Co. v. Atlantic Refining Co.,* 134 Tex. 59, 131 S.W.2d 73, 84 (1939); *United Travelers Ins. Co. v. Perkins,* 611 S.W.2d 152, 155 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.).

■ Appellees, in their motion for summary judgment, alleged appellant used or pursued an unconscionable action or course of action under 17.50(a)(3) by failing to include the $465 down payment in the sales contract. Appellant's response to the motion for summary judgment challenges the allegations generally, stating the acts were unintentional, were done in good faith and resulted from bona fide error. Intent is not an element of 17.50(a)(3), which states "*any* unconscionable act . . . ." (Emphasis supplied.) See *Pennington v. Singleton,* 606 S.W.2d 682 (Tex.1980); *Sam Kane Beef Processors, Inc. v. Manning,* 601 S.W.2d 93 (Tex.Civ.App.—Corpus Christi 1980, no

---

2. An unconscionable action or course of action by any person.

3. Representing that an agreement confers or involves rights, remedies, or obligations which are prohibited by law.

writ). The defense of good faith and/or bona fide error is not available. Tex.Bus. & Com.Code Ann. § 17.50B (Vernon Supp. 1982).

▪ Appellant's only other challenge is of the "first" procedural type mentioned above. It states: "There are genuine issues of material fact which preclude the granting of summary judgment ... as appears from the pleadings on file." Pleadings do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Authority,* supra, at 678. However, the non-movant needs no answer or response to contend on appeal that the grounds expressly presented to the trial court by the movant are insufficient *as a matter of law.* Under Rule 166–A of the Rules of Civil Procedure, the movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority,* supra, at 678.

▪ The elements which must be proved under Section 17.50 of the DTPA are (1) that plaintiff is a consumer; (2) an unconscionable act or course of action by any person; and (3) the unconscionable act or course of action constitutes a producing cause of the plaintiff's damages.

▪ The admissions and depositions made by appellant which were before the trial court make it apparent that appellees were "consumers" under Section 17.45(4).

Section 17.45(5) defines unconscionable action as follows:

" 'Unconscionable action or course of action' means an act or practice which, to a person's detriment:

\* \* \* \* \* \*

(B) results in a gross disparity between the value received and consideration paid, in a transaction involving transfer of consideration."

The relevant evidence before the trial court shows the appellees were given a written receipt for the $465 down payment, but were not given credit for it on the contract. The salesman, in his deposition, stated that he received the $465 and gave it to the manager; that the Soliz' $465 down payment should have been reflected as a down payment in the contract but was not. De Verle "Scottie" Miller, president of Scottie Miller Enterprises, Inc., appellant, testified in his deposition that he instructed the manager to return the $465 to the Solizes to avoid any type of problem.

The consideration paid was $465. The value received was zero, as no credit was given on the contract. As noted by the Fifth Circuit Court of Appeals:

"There is very little law in Texas construing unconscionability as so defined [gross disparity], but one case may prove instructive." *Franks v. Associated Air Center, Inc.,* 663 F.2d 583, 592 (5th Cir. 1981).

Thereafter, the court referred to *Sam Kane Beef Processors, Inc. v. Manning* in which this Court held the payment of $732.90 for useless meat was a sufficient allegation of gross disparity for venue purposes. *Sam Kane Beef Processors, Inc. v. Manning,* supra, at 96.

Recently, $400 charged for non-existent fees, coupled with an offer of $400 at the time of trial, having the effect of an admission, was held to constitute an unconscionable course of action. *Jim Walter Homes, Inc. v. White,* 617 S.W.2d 767, 772 (Tex.Civ. App.—Beaumont 1981, no writ). See also *Butler v. Joseph's Wine Shop,* 633 S.W.2d 926 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

We hold the proof was sufficient, as a matter of law, to conclusively prove appellees' allegation of an unconscionable act.

▪ Appellant's remaining point contends there was no summary judgment evidence to prove that appellees suffered actual damages of $465. Actual damages under the DTPA has been defined as the difference in value between that which he parted with and that which he received. *Lubbock Mortg. & Inv. Co., Inc. v. Thomas,* 626 S.W.2d 611, 615 (Tex.App.—El Paso 1981, no writ).

We hold that appellees conclusively proved that they parted with $465 cash and received no credit, and were therefore damaged in the amount of $465.

The foregoing points of error being the only matters raised on appeal, the judgment of the trial court is AFFIRMED.