**A–ABC APPLIANCE OF TEXAS, INC.,**
**et al., Appellants,**

**v.**

**SOUTHWESTERN BELL TELEPHONE**
**COMPANY, Appellee.**

No. 13953.

Court of Appeals of Texas,
Austin.

April 25, 1984.

Rehearing Denied May 23, 1984.

Roger B. Greenberg, Jane Cooper-Hill, Richie & Greenberg, Houston, for appellants.

Donna Lynn Snyder, San Antonio, for appellee.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

EARL W. SMITH, Justice.

Appellant, A–ABC Appliance of Texas (A–ABC) seeks reversal of a trial court's judgment in favor of appellee Southwestern Bell Telephone Company (Bell). In a trial before the court A–ABC challenged Bell's refusal to accept its proposed advertising to be printed in the Austin Yellow Pages. We affirm the judgment of the trial court.

The president of A–ABC Appliance of Texas has operated a home appliance sales and service business in Houston, Texas since 1972 and advertised heavily under that name (and several others) in the Yellow Pages for many years. In 1981, appellant decided to expand its business to Austin and began by assuming an existing but abandoned telephone number which had been assigned to a defunct corporation named ABC Appliance. This enabled appellant to advertise under the ABC name until it had an opportunity to advertise under A–ABC Appliance of Texas, Inc., in the next regularly published Yellow Pages in December of 1982.

Appellant's president met with a Bell sales representative on June 25, 1982 to submit his proposed advertising under the names A–ABC Appliance and General Appliance, using the same phone number for both. On July 13, 1982 Bell informed appellant that it would not advertise the name A–ABC Appliance of Texas, Inc. in its Austin directories because the name violated Bell's advertising standards regarding names adopted for alphabetical preference in advertising. The name A–ABC Appliance of Texas, Inc. as well as other company names were accepted for the free listing in both the White and Yellow Pages.

■ A–ABC's first point of error asserts that "appellee was under a duty as a matter of law to accept the proposed advertising, and the court's conclusions to the contrary (conclusions 4, 6, 9, 10, 11, and 12) are erroneous." We disagree. The conclusions appellant complains of are as follows:

4. Defendant's directory advertising services are not rendered as a part of its public utility function.

\* \* \* \* \* \*

6. Defendant, Southwestern Bell Telephone Company, has no statutory nor common law duty to accept the advertising submitted by Plaintiffs.

\* \* \* \* \* \*

9. Pursuant to § 18 of the Public Utility Regulatory Act, Article 1446c Vernon's Annotated Statutes, the classified directory, except insofar as service regular listings which are furnished to business subscribers as a part of their regular business service are concerned, is an advertising medium and not a public service.

10. Defendant in its role as a directory publisher has no duty not to discriminate against potential advertisers.

11. Defendant's duty to publish listings in its directories extends only to listings in the white pages and the service regular listings in the yellow pages, both of which are provided as part of basic business telephone service.

12. Defendant Southwestern Bell Telephone Company's provision of advertising services is not subject to the common law standards applicable to its provision of regulated communications services.

Appellant relies primarily on *Southwestern Bell Telephone Co. v. Texas State Optical*, 253 S.W.2d 877 (Tex.Civ.App.1952, no writ) (hereinafter cited as *TSO* ), to support its arguments about Bell's common law duties. While the case contains broad language, it is easily distinguishable on its facts and, as regards advertising, is pre-

empted by the Public Utility Regulatory Act. Tex.Rev.Civ.Stat.Ann. art. 1446c (1980). The court in *TSO* was dealing with Bell's duty to the public regarding the classified yellow pages *listings* not its *advertisements.*

The *TSO* case is not controlling since the Legislature enacted the Public Utility Regulatory Act [PURA] in 1975. Art. 1446c, *supra.* Finding that public utilities were monopolies in the areas they served, the Legislature passed the Act to "establish a comprehensive regulatory system ... adequate to the task of regulating public utilities ... to assure rates, operations and services which are just and reasonable to the consumers and the utilities." Art. 1446c § 2. Article 1446c § 3(s) provides:

> (s) "Service" is used in this Act in its broadest and most inclusive sense, and includes any and all acts done, rendered, or performed and any and all things furnished or supplied, and any and all facilities used, furnished, or supplied by public utilities in the performance of their duties under this Act to their patrons, employees, other public utilities, and the public, as well as the interchange of facilities between two or more of them. *Service shall not include the printing, distribution, or sale of advertising in telephone directories.*

(emphasis added). Thus the Legislature made it clear that not only would the Public Utility Commission not have jurisdiction over directory advertising but that such was *not* part of Bell's public service function.

Appellant argues that "[l]egislation does not necessarily abrogate the common law" citing *TSO* and *Southwestern Bell Telephone Co. v. Reeves,* 578 S.W.2d 795 (Tex. Civ.App.1979, writ ref'd n.r.e.). Reliance on these cases is misplaced since neither involves a situation such as this where it is clear that the Legislature intended to decide the exact issue in question.

The Legislature's exclusion of directory *advertising* from its definition of public service is in line with, as appellee argues, "the overwhelming weight of authority throughout the country ... that the publication of advertising in telephone directories is not an essential public service and is not a part of a telephone company's public utility business." *See Classified Directory Subscribers Association v. Public Service Comm.,* 383 F.2d 510, 512–13 (D.C.Cir. 1967); *McTighe v. New England Telephone & Telegraph Co.,* 216 F.2d 26 (2nd Cir.1954); *Berjian, D.O., Inc. v. Ohio Bell Telephone Co.,* 54 Ohio St.2d 147, 375 N.E.2d 410, 415 (1978); *Gas House, Inc. v. Southern Bell Telephone & Telegraph Co.,* 289 N.C. 175, 221 S.E.2d 499, 505 (1976); *Abco Moving & Storage Corp. v. New York Telephone Co.,* 193 Misc. 96, 83 N.Y.S.2d 448; aff'g 274 A.D. 779, 81 N.Y. S.2d 146; leave to appeal den'd, 273 A.D. 823, 81 N.Y.S.2d 457; aff'd. 298 N.Y. 637, 82 N.E.2d 32 (1948).

Bell does not have a monopoly on advertising and the Legislature has determined that its advertising is not part of its public service. Thus, Bell is free to contract in its private capacity as any other advertiser. In Texas, publishers are free to deal or decline to contract as they please. *Mid-West Electrical Cooperative v. West Texas Chamber of Commerce,* 369 S.W.2d 842, 843 (Tex.Civ.App.1963, no writ). *See also, Right of Publisher of Newspaper or Magazine, in Absence of Contractual Obligation, to Refuse Publication of Advertisement,* 18 A.L.R.3d 1286 (1968). The trial court correctly held that since the sale of classified directory advertising in Bell's telephone directory is not a part of appellee's public utility function, appellee has no statutory or common law duty to accept appellant's advertising. Appellant's first point of error is overruled.

In its point of error number two, appellant complains that conclusion of law number eight is erroneous and the findings of fact in support of it (18, 19, 50, 54, and 55) are "based on insufficient evidence and are against the great weight and preponderance of the evidence. The evidence proved that the standard is unreasonable as a matter of law."

Conclusion of law number eight is that:

Defendant's Yellow Page Advertising Standard No. 2, entitled "Listings ·Chosen for Alphabetical Preference in Advertising" is a reasonable exercise of Defendant's discretion concerning whether or not to accept a particular listing or name for inclusion in its Yellow Page directories.

The findings of fact that appellant complains of are as follows:

18. Defendant's "A" listing policy is necessary to protect the value of the Yellow Pages to both the consumer and the publisher by preventing the proliferation of "A" listings and which give unfair alphabetical preference in listings resulting in confusion to the consumer. Unchecked, "A" listings have proliferated and diminished the value of the Yellow Page Directory in terms of goodwill and return on the publisher's investment.

19. Defendant's "A" listing policy is a reasonable exercise of its discretion as a publisher to limit those listings which may cause confusion to the directory user and ultimately result in diminishing the value of the publisher's directory.

\* \* \* \* \* \*

50. The use of the name ABC Appliance by the Plaintiffs in their Yellow Page advertisements will not adversely affect Plaintiffs' effective competition as an appliance sales and service company.

\* \* \* \* \* \*

54. Plaintiffs will not be harmed by their advertising appearing as ABC Appliance in the Yellow Pages inasmuch as the names A–ABC and ABC Appliance are so similar.

55. There is substantially no difference between the names A–ABC Appliance and ABC Appliance such that the use of the name ABC Appliance in yellow page advertising would cause confusion in the mind of consumers.

■■■ Rules and regulations made by a telephone company for furnishing service to patrons and for the conduct of its business are "presumed to be reasonable and necessary, unless the contrary is shown." *Southwestern Bell Telephone Company v. Rucker*, 537 S.W.2d 326, 331 (Tex.Civ.App. 1976, writ ref'd n.r.e.) quoting *Kelly v. Southwestern Bell Telephone Company*, 248 S.W. 658 (Tex.Comm.App.1923, jdgmt. adopted). Appellant has not shown the contrary.

■ In a review of a trial court's judgment in which findings of fact and conclusions of law are filed, this Court may only consider, on a no evidence point, that evidence favorable to the findings and the judgment rendered thereon and must disregard all evidence to the contrary. *Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607 (Tex.1979). Our review of only the evidence supporting the judgment convinces us that the judgment rendered by the trial court has ample support in the record. Furthermore, after reviewing all the evidence, we are of the opinion that these findings are not so against the great weight and preponderance of the evidence as to be clearly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Appellant's second point of error is overruled.

A–ABC's third point of error complains that appellee's "A" listing policy is arbitrary and discriminatory as a matter of law. Appellant relies on its argument that Bell has a public service duty in this area not to discriminate. As noted above we do not agree and this point is overruled.

■ A–ABC's fourth point of error challenges the court's conclusion of law number 7 and states that "the findings in support thereof (findings of fact Nos. 40, 42, and 65) are against the great weight and preponderance of the evidence. The evidence proved that the standard was unreasonably and discriminatorily applied to appellant."

Conclusion of law number seven is as follows: "Defendant's denial of Plaintiff's application for advertising under name of A–ABC Appliance was neither arbitrary,

capricious nor discriminatory." The findings of fact which A–ABC complains of are:

40. Plaintiffs' Application for Directory Advertising under the name A–ABC Appliance was rejected for inclusion in the 1982 Austin and Austin Northwest Directories because it is in contravention of Southwestern Bell's "A" listing policy inasmuch as the name A–ABC was chosen for alphabetical preference, and because its inclusion in the directories may result in confusion to users of the directoires [sic].

\* \* \* \* \* \*

42. The rejection of Plaintiffs' requested advertising was in accordance with Southwestern Bell Telephone Company's publishing standards and guidelines. Southwestern Bell Telephone Company's "A" listing standard which resulted in the rejection of advertising under the name A–ABC is reasonable and was applied in a nondiscriminatory manner.

\* \* \* \* \* \*

65. Plaintiff's "A" Listing Publishing Standard which resulted in the rejection of Plaintiffs' request for advertising under the name of A–ABC is reasonable and was properly applied to Plaintiffs' request for advertising.

Reviewing the evidence under the standards discussed above, we hold that appellant's third point of error should be, and is hereby overruled.

Judgment of the trial court is affirmed.