**WALTER BAXTER SEED COMPANY,
Appellant,**

v.

**Abelino RIVERA, Appellee.**

**No. 13–83–442–CV.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1984.

Rehearing Denied Sept. 25, 1984.

Robert L. Galligan, Smith, McIlheran, Lauderdale & Jones, Weslaco, for appellant.

Ralph Vidaurri, Flores, Sanchez, Vidaurri, Munoz & Guerra, McAllen, for appellee.

Before UTTER, BISSETT and YOUNG, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a judgment rendered in favor of appellee Abelino Rivera in the amount of Nineteen Thousand One Hundred Sixteen Dollars ($19,116.00) in damages, plus Two Thousand Dollars

($2,000.00) in attorney's fees. Appellant attacks the judgment of the trial court in fourteen points of error. We affirm.

Appellee brought suit against appellant Walter Baxter Seed Co. under the Texas Deceptive Trade Practices Act, alleging a breach of an implied warranty of merchantability for cucumber seed sold by appellant and purchased by appellee from a third party. In answering special issues, the jury found that the seed was in fact not merchantable. The jury also found that appellee was negligent in his farming practices. In addition, the jury found that both were proximate causes of the damages sustained by appellee. The jury also found that loss of the cucumber crop was 50% attributable to each party.

In 1978, appellee purchased from Eliseo Soto, forty-five (45) pounds of "Victory Hybrid Cucumber Seed," in forty-five (45) one pound cans. Soto purchased this seed from appellant. Appellee planted the seed in the spring of 1978; however, when the cucumbers matured, they had yellow and white spots and were not merchantable because of their appearance.

In its points of error one through six, eight and nine, appellant contends that appellee presented no evidence that (a) the seed sold by appellant was defective or non-merchantable on the date of delivery and (b) any characteristic or quality of the seed was a producing cause of appellant's damages; therefore, the trial court erred in (1) not granting appellant's motion for directed verdict; (2) not granting appellant's motion for judgment non obstante veredicto; and, (3) in overruling appellant's motion for new trial. Appellant also complains of the judgment based on the jury's findings of non-merchantability.

In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza,* 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error,* 38 Tex.L.Rev. 361 (1960).

Appellee Abelino Rivera testified that he had been raising cucumbers for fifteen (15) years and, in 1978, planted the seeds in question to raise a cucumber crop. He testified that, based on his prior experiences, he planted his eighteen (18) acres with the seed, preparing the soil in the same manner that he had always prepared the soil. He testified that this preparation included cultivation, fertilization, irrigation and spraying for insects. He further testified that he thinned and spaced the plants after pollination and that the fields were cleaned of weeds. He then testified that, after the fruit was four to five inches long, it began to get white spots; a problem which he had never previously incurred. He testified that, based on his experiences, there were no deviant soil or weather conditions which would have caused the defects in the fruit. He further testified that, because of the condition and appearance of the cucumbers, he was unable to sell them even as "culls."

Andres Elizondo testified that he had been farming all of his life and had been growing cucumbers for as long as he had been farming. He testified that, in the spring of 1978, he planted cucumbers in two fields, one using Baxter seed identical to that used by appellee and a different seed from another seed company in another field. He testified that the Baxter seed produced white spots on the fruit when they attained the length of four to five inches. He further testified that he did not have any problems with the seed planted in the other field and was able to harvest and sell his crop. He testified that he treated both fields identically and that their soil conditions were the same.

Eliseo Soto testified that he had been in the produce business since 1956, involved with, among other things, cucumbers. As a part of his duties he checked fields and made recommendations concerning the use of fertilizers and insecticides and made recommendations as to irrigation. He also testified that blotches, spots or discolora-

tion of cucumbers could be caused by a variety of factors, including defective seed. In the spring of 1978, he inspected the cucumber crop in question and opined that, based on his thorough inspection of the surrounding fields and the condition of the field in question, the appellee's defective fruit was caused by bad seed.

John Watterson, a plant pathologist and plant breeder working on cucumbers, testified that it was scientifically impossible for a defective seed to germinate (i.e., produce plants). Also testifying for appellant was Rumaldo Correa, a professor of horticulture at the Weslaco Research Center. He also testified that it was scientifically impossible for a defective seed to produce a completed fruit. A summary of both of appellant's expert witnesses' testimony would be to the effect that it was scientifically impossible for the plants to have produced fruit if the seed was defective and that the defect in the fruit was scientifically attributable to some defect in the environment, such as improper watering, fertilization or an excessive amount of heat at a time when the fruit was particularly subject to heat stress.

■■■■ The very nature of appellee's cause of action requires that, in examining the record to determine if there exists any evidence which would support the verdict, we must also examine the qualifications of the witnesses to give expert testimony. Farmers may become expert witnesses in matters particularly within their knowledge. *McDonald v. Webb,* 510 S.W.2d 670 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Texas Rural Communities v. Avary,* 113 S.W.2d 597 (Tex.Civ.App.— Amarillo 1938, writ dism'd). Each of the farmers called by appellee as witnesses testified as to their years of experience in cucumber farming, the amount of ground they farmed, accepted cucumber farming practices and their specific knowledge of the area in which the cucumbers were planted. Practical experience is an acceptable way of gaining expertise. *Goldkist v. Massey,* 609 S.W.2d 645 (Tex.Civ.App.— Fort Worth 1980, no writ); *Air Shields,*

*Inc. v. Spears,* 590 S.W.2d 574 (Tex.Civ. App.—Waco 1979, writ ref'd n.r.e.). We, therefore, hold that appellee's witness Soto was qualified to express an opinion as to the cause of the defective fruit, and the remainder of appellee's witnesses were qualified to testify as to the general circumstances surrounding the production of marketable cucumbers.

■■■■ The testimony of Mr. Soto is direct expert testimony concerning the cause of the defective fruit. The testimony of Abelino Rivera and Andres Elizondo provided the jury with circumstantial evidence of the cause of the defective fruit. Although neither Rivera nor Elizondo testified directly that the seeds were defective, it is a reasonable inference from their testimony that, if all other conditions were proper, the only reasonable cause for the defective fruit was the seeds. An ultimate fact may be conclusively shown by wholly circumstantial evidence. *Prudential Insurance Co. of America v. Krayer,* 366 S.W.2d 779 (Tex.1963); *Gonzalez v. Layton,* 429 S.W.2d 215 (Tex.Civ.App.—Corpus Christi 1968, no writ). A fact is established by circumstantial evidence when the fact may be fairly and reasonably inferred from other facts proved in the case. *Vahlsing v. MOPAC,* 563 S.W.2d 669 (Tex.Civ.App.— Corpus Christi 1978, no writ).

■■■■ An appellate court may not substitute its judgment for that of the trier of fact, even though, after reviewing evidence, it may have reached a different conclusion from that of the trier of facts in the case. *Diaz v. Cantu,* 586 S.W.2d 576 (Tex. Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). It is within the sole province of the jury, as the trier of fact, to judge the credibility of the witnesses and the weight to be given their testimony. *First City Bank-Farmer's Branch v. Guêx,* 659 S.W.2d 734 (Tex.App.—Dallas 1983, no writ). Likewise, it is not within the province of an appellate court to interfere with the jury's resolution of conflicts in evidence or to pass upon the weight or credibility of the witness' testimony. *St. John v. Barker,* 638 S.W.2d 239 (Tex.App.—Amarillo

1982, no writ). There is some probative evidence to support the jury's findings concerning the defectiveness of the seed. While this evidence is well controverted by the appellant's expert witnesses, it is not so controverted as to have established appellant's position as a matter of law. Appellant's points of error one through six, eight and nine are overruled.

█ Appellant contends in its seventh point of error that the trial court erred in submitting special issues regarding the non-merchantability of the seed as a producing cause of appellee's damages because the issues did not inquire regarding the defectiveness of the seed. The charge defined merchantable as "goods which are fit for the ordinary purpose for which such goods are used." As this definition meets the requirements set forth at TEX.BUS. & COM.CODE ANN. § 2.314(b)(3) (Vernon Supp.1984), we find no merit in appellant's contention. Appellant's seventh point of error is overruled.

█ In its tenth, eleventh and twelfth points of error, appellant contends that the trial court erred in not limiting the amount of damages awarded appellee in accordance with the limitation of warranty contained on the invoices of sale and on the label on the seed can. In small print on both the invoice of sale and the seed can was the following disclaimer:

"Walter Baxter Seed Co. warrants that seeds or bulbs it sells will be labeled as required under State and Federal Seed laws and that they will conform to the label description. We make no other or further warranty, expressed or implied. No liability hereunder shall be asserted unless the buyer or user reports to us within a reasonable period after discovery (not to exceed 30 days) any conditions that might lead to a complaint. Our liability on this warranty is limited in amount to the purchase price of the seeds or bulbs."

TEX.BUS. & COM.CODE ANN. § 2.316 (Vernon Supp.1984) provides in part that:

"(b) Subject to Subsection (c), to exclude or modify the implied warranty of mer- chantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

Contained on the side of the can, opposite to the disclaimer and in all capital red letters, is "THE FINEST OF FINE SEEDS." Above this is the statement that "The seed in this container was especially grown ... from the FINEST stock obtainable.... The seed crop has been personally inspected to see that it meets the high standard required...." All of this is printed on the can in letters both larger and bolder than that used in the disclaimer.

We do not believe that this disclaimer is "conspicuous" in its surroundings, see Mac-Donald v. Mobley, 555 S.W.2d 916 (Tex. Civ.App.—Austin 1977, writ ref'd n.r.e.); we further find that the disclaimer also fails to mention "merchantability" or to fall within the exceptions set forth in TEX. BUS. & COM.CODE ANN. § 2.316(c) (Vernon Supp.1984). See Clark v. DeLaval Separator Corporation, 639 F.2d 1320 at 1323 (5th Cir.1981). We hold that the disclaimer is ineffective as to an implied warranty of merchantability. Appellant's tenth through twelfth points of error are overruled.

Appellant alleges in his thirteenth and fourteenth points of error that the trial court erred in disregarding the jury's finding that any non-merchantability of the cucumber seed was the result of bona fide error. The following special issue was submitted to the jury:

"SPECIAL ISSUE NUMBER 7

Do you find, from a preponderance of the evidence, that any non-merchantability of the cucumber seed in question, if it is so found in Special Issue Number 1, was

the result of a bona fide error on the part of Baxter Seed Company?

You are instructed that in this case bona fide means that Baxter Seed Company acted in good faith without any intent to commit fraud.

Answer: 'We do' or 'We do not.' "

The jury answered "We do." No issue was requested as to whether reasonable procedures were adopted to avoid the error. Prior to its 1979 amendments, TEX.BUS. & COM.CODE ANN § 17.50A (Vernon Supp. 1984) read in part:

In an action brought under Section 17.50 of this subchapter, actual damages only and attorneys' fees reasonable in relation to the amount of work expended and court costs may be awarded where the defendant:

(1) proves that the action complained of resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid the error;

Appellant contends that an implicit finding that reasonable procedures had been adopted to avoid the error was contained within the jury's finding to Special Issue No. 7. Appellant also contends that any error as to the breadth of Special Issue No. 7 should have been raised at trial. We disagree. We find the defense of bona fide error set forth in § 17.50A(1) to be analogous to that set forth at TEX. REV.CIV.STAT.ANN. art. 5069–8.01(f) (Vernon Supp.1984). A finding of bona fide error and a finding that procedures have been adopted to avoid such errors are essential for maintaining such a defense. *See Miller v. Soliz*, 648 S.W.2d 734 (Tex. App.—Corpus Christi 1983, no writ); *First Federal Savings and Loan Association of San Antonio v. Bustamante*, 609 S.W.2d 845 (Tex.Civ.App.—San Antonio 1980, no writ); *Ballard v. Hillcrest State Bank of University Park*, 592 S.W.2d 373 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e.). Absent a finding on those procedures, a party fails to make out a defense under § 17.-50A(1). Appellant's thirteenth and fourteenth points of error are overruled.

The judgment of the trial court is affirmed.

BISSETT, J., not participating.