**Lilly SHARP, Appellant,**

v.

**LINCOLN AMERICAN LIFE INSURANCE COMPANY,**
Appellee.

No. 13–87–300–CV.

Court of Appeals of Texas,
Corpus Christi.

May 26, 1988.

Rehearing Denied June 23, 1988.

James B. Ragan, Corpus Christi, for appellant.

Tom Hermansen, Carlos Villarreal, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

This is an action on a life insurance policy brought by the beneficiary, Lilly Sharp, after the death of the named insured, her daughter.

The defendant, Lincoln American Life Insurance Company, defended on the basis of misrepresentations by the insured in the policy application. Trial was held before the court without aid of jury. A take nothing judgment was entered for the defendant insurance company and findings of fact and conclusions of law were properly requested and filed.

Appellant brings two points of error, each challenging the legal sufficiency of the evidence concerning the intent of the decedent to deceive the insurance company by making misrepresentations in the policy application.

Appellant, the mother of the decedent, bought a life insurance policy on her daughter's life, naming herself as beneficiary. Appellee's salesman filled out the application form after asking the mother certain questions provided on the form. The salesman was apparently a neighbor who knew the mother and the insured. After the application had been completed, the adult daughter entered the room. At her mother's request, the daughter signed the form and then left the room. There was no evidence that she read the form before signing it. Approximately a month later, the insurance company sent the insurance policy and a copy of the application to the mother's address.

The insured daughter died about one year later of complications due to an overdose of illicit drugs. Upon investigation, appellee refused to pay under the policy, claiming the insured had made material misrepresentations in the application for insurance concerning her health. Appellee claimed the deceased insured had not disclosed her history of years of drug addiction and hospitalizations for drug dependency. Ms. Sharp brought suit, and the

company defended on misrepresentation grounds.

Five elements must be pled and proved before an insurer may avoid a policy because of the misrepresentations of the insured:

(1) the making of the representation;

(2) the falsity of the representation;

(3) reliance thereon by the insurer;

(4) the intent to deceive by the insured in making the representation; and

(5) the materiality of the representation.

*Mayes v. Massachusetts Mutual Life Insurance Co.*, 608 S.W.2d 612, 616 (Tex. 1980); *Carter v. Service Life & Casualty Co.*, 703 S.W.2d 349, 352 (Tex.App.—Corpus Christi 1985, no writ).

The parties stipulated to the existence of all elements except the insured's intent to deceive, which was the only factual issue. Thus, it was appellee's burden to prove the insured acted with an intent to deceive when she signed the application.

In its findings of fact, the trial court found that the daughter made false representations on the application concerning her health, with the intent to deceive the insurance company, and that those representations were material and were relied on by the insurance company. Accordingly, the judgment ordered that the plaintiff take nothing.

The mother, Lilly Sharp, complains of no evidence to support the finding of the trial court that the false representations were made with the intent to deceive. No attack is made upon the findings that false representations were made by the deceased.

The standard for review in determining the legal sufficiency of the evidence, that is, whether there is any evidence to support the trial court's finding or a jury verdict, is that we consider only the evidence which tends to support the finding, disregarding all evidence to the contrary, and indulge in those inferences which are necessary to support the finding or verdict. *Alm v. Aluminum Co. of America*, 717 S.W.2d 588, 593 (Tex.1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Horta v. Tennison*, 671 S.W.2d 720, 722 (Tex.App.—

Houston [1st Dist.] 1984, no writ); *A–ABC Appliance of Texas, Inc. v. Southwestern Bell Telephone Co.*, 670 S.W.2d 733, 736 (Tex.App.—Austin 1984, writ ref'd n.r.e.). If there is any evidence in the record to support the finding or verdict, the reviewing court is obliged to overrule the point of error.

■ In *Mayes v. Massachusetts Mutual Life Insurance Co.*, the long-standing rule was reaffirmed that where, as here, an application for insurance is attached to and made a part of the policy and is accepted and retained by the insured, the insured is *conclusively presumed* to have knowledge of its contents and to have ratified any false statements therein. *Mayes* at 617. This presumption supports the unchallenged finding of the trial court that the daughter made false representations concerning her health. However, the presumption alone does not establish the necessary element of the insured's intent to deceive; proof of the insured's intent to deceive is necessary since it cannot be automatically inferred from the existence of the conclusive presumption. *Washington v. Reliable Life Insurance Co.*, 581 S.W.2d 153, 159–60 (Tex.1979); *see also Estate of Diggs v. Enterprise Life Insurance Co.*, 646 S.W.2d 573, 575–76 (Tex.App.—Houston [1st Dist.] 1982, *on reh'g*, 657 S.W.2d 813 (1983), writ ref'd n.r.e.).

A fact finder is entitled to evaluate the facts and draw reasonable inferences from the evidence. *Brown v. Gonzales*, 653 S.W.2d 854, 857 (Tex.App.—San Antonio 1983, no writ); *Chitsey v. Pat Winston Interior Design, Inc.*, 558 S.W.2d 579, 581 (Tex.Civ.App.—Austin 1977, no writ). An ultimate fact may be conclusively shown by wholly circumstantial evidence when the fact can be fairly and reasonably inferred from other facts in the case. *Prudential Insurance Co. of America v. Krayer*, 366 S.W.2d 779, 780 (Tex.1963); *Walter Baxter Seed Co. v. Rivera*, 677 S.W.2d 241, 244 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

The insurance application was completed on September 13, 1983. The insured represented that she had not used drugs to a

degree that required treatment or advice from a physician or professional addiction organization. However, the insured had been hospitalized for dilaudid addiction from December 29, 1981, until January 11, 1982, and was treated during that hospitalization by Dr. Cecil Childers, M.D. On August 23, 1983, less than a month prior to the application, the insured was hospitalized for heroin addiction by Dr. D.C. Bernwanger. There is evidence that at the time of her hospitalization in August she was using heroin daily as well as receiving methadone from the clinic.

One's intent to deceive may be proven by circumstantial evidence as may other states of mind. The issue is whether the misrepresentation was innocent and made in good faith or willful with the intent to deceive. A fact finder, in comparing the representation made on the insurance application with the insured's knowledge, could determine that the misrepresentation was so outrageous and removed from the truth that it must have been made with the intent to deceive. Construing the evidence in the light most consistent with the finding of the trial court, we find that there is some evidence to support the conclusion that the misrepresentation was made with the intent to deceive.

Appellant's two points of error are overruled.

The judgment is AFFIRMED.