**T. L. JEFFREY, a/k/a T. L. Jeffries, Appellant,**

v.

**LARRY PLOTNICK CO., INC., Appellee.**

**No. 18697.**

Court of Civil Appeals of Texas, Dallas.

Nov. 6, 1975.

Jerry W. Biesel, Dallas, for appellant.

Robert G. Moss, H. Robert Powell, Goldberg & Alexander, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

T. L. Jeffrey appeals from a summary judgment rendered against him on a sworn account. We affirm.

Larry Plotnick Co., Inc. brought this action against Jeffrey as a suit upon a sworn account for the sale of merchandise, in accordance with Tex.R.Civ.P. 185. In his verified second amended original answer, Jeffrey asserted (1) a general denial, (2) an allegation that the "account sued on is not just and true in whole or in part," (3) a denial that the sum sued for is reasonable or customary and usual, (4) a claim of accord and satisfaction by prior payment on the account, and (5) a claim for an offset in the amount of $1,351.53 because merchandise sold was allegedly defective. No depositions were taken. Various interrogatories and requests for admissions were served upon defendant by plaintiff, and defendant filed answers thereto. On February 18,

1975, plaintiff filed its motion for summary judgment, supported by an affidavit of plaintiff and by other affidavits evidencing the delivery of merchandise to defendant. In support of the motion, plaintiff also filed documentary exhibits, including freight bills, way bills and invoices. Defendant presented no summary-judgment evidence in opposition to plaintiff's motion and did not appear at the hearing on the motion. The trial court granted plaintiff's motion for summary judgment.

Jeffrey contends that the trial court erred in granting the motion because the pleadings, as well as the interrogatories and requests for admissions, show the existence of genuine issues of fact which preclude the granting of summary judgment. We over-rule this contention for several reasons.

■ Jeffrey's denial of Plotnick's sworn account fails to comply with the strict requirements of Tex.R.Civ.P. 185 and 93(k). Tex.R.Civ.P. 185, as amended January 1, 1971, expressly provides that a sworn account shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial, file a written denial, under oath, "state that each and every item is not just or true, or that some specified item or items are not just and true. . ." Tex.R.Civ.P. 93(k), amended January 1, 1976, contains the same requirements.

Jeffrey's answer stated: "The account sued on is not just and true in whole or in part." It is obvious that Jeffrey's answer does not satisfy rule 185 or rule 93(k). In several cases where the wording of an answer was almost identical to that of the answer here, the adequacy of the pleading has been discussed. It has been repeatedly held that the language of rule 185 must be strictly followed and that the failure to file a conforming answer is fatal. *Youngblood v. Central Soya Co.*, 522 S.W.2d 277 (Tex. Civ.App.—Fort Worth 1975, no writ); *Goodman v. Art Reproductions Corp.*, 502 S.W.2d 592, 593 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.); *McDonald v. New-*

*lywed's, Inc.*, 483 S.W.2d 334, 337 (Tex.Civ. App.—Texarkana 1972, writ ref'd n. r. e.); *Solar v. Petersson*, 481 S.W.2d 212, 215 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ); *Duncan v. Butterowe, Inc.*, 474 S.W.2d 619, 620 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ). Thus, Jeffrey is precluded, by failing to file a proper denial, from denying that he owes the account sued upon. *Space City Construction Co. v. Gifford-Hill & Co.*, 468 S.W.2d 897 (Tex.Civ. App.—Houston [1st Dist.] 1971, no writ); *Collins v. Kent-Coffey Manufacturing Co.*, 380 S.W.2d 59 (Tex.Civ.App.—Eastland 1964, writ ref'd).

■ In oral argument before this court, Jeffrey contended that Plotnick cannot rely upon the defect in the answer because the defect was not asserted by Plotnick as a ground for the granting of summary judgment. We need not pass upon this contention because the motion for summary judgment contained adequate grounds to support the summary judgment, regardless of the question of defect in pleading. Plaintiff asserted sufficient grounds in the motion for summary judgment and supported the motion with adequate summary-judgment proof. The summary-judgment evidence included affidavits from the shipper, freight bills and invoices. The evidence shows order and delivery to appellant, as well as reasonableness of price. Jeffrey tendered no summary-judgment evidence. The motion was, therefore, properly granted. Having failed to show the existence of any fact issue, Jeffrey cannot now complain of the judgment. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970); *Gulf Colorado & S. F. Ry. v. McBride*, 159 Tex. 442, 322 S.W.2d 492, 500 (1958).

■ Jeffrey's pleas of accord and satisfaction and failure of consideration will not alone defeat the motion for summary judgment since such judgment will not be frustrated by the mere pleading of defenses by way of confession and avoidance. *Solar v. Petersson*, 481 S.W.2d 212 (Tex.Civ.App.— Houston [14th Dist.] 1972, no writ); *King v.*

*United Distributing of Texas, Inc.,* 463 S.W.2d 456 (Tex.Civ.App.—Dallas 1971, no writ). Pleadings, even if sworn to, do not constitute summary-judgment proof. *Hidalgo v. Surety Savings & Loan Ass'n,* 462 S.W.2d 540 (Tex.1971); *Rausheck v. Empire Life Insurance Co.,* 507 S.W.2d 337 (Tex. Civ.App.—Texarkana 1974, writ ref'd n. r. e.); *Pickering v. First Greenville National Bank,* 495 S.W.2d 16 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.).

■ Jeffrey's contention that his answers to the interrogatories and requests for admissions are sufficient to raise issues of fact to defeat the motion for summary judgment is without merit. Answers to requests for admissions and interrogatories can be used only against the party filing the answers. *Sympson v. Mor-Win Products, Inc.,* 501 S.W.2d 362 (Tex.Civ.App.—Fort Worth 1973, no writ) and *Sprouse v. Texas Employers' Insurance Ass'n,* 459 S.W.2d 216, 220 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.).

We hold that plaintiff Plotnick has fully and completely established its cause of action by competent summary-judgment evidence, as a matter of law; therefore, the judgment is affirmed.

Affirmed.