**Frank STANFORD, Appellant,**

v.

**Grady JOHNSON et al., Appellees.**

**No. 1361.**

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 15, 1979.

Mark A. Salvato, Hittner, Cezeaux & Salvato, Houston, for appellant.

Houston C. Munson, Jr., Paul A. Finley, Gonzales, for appellees.

OPINION

YOUNG, Justice.

The primary issue in this summary judgment appeal is whether the appellant, plaintiff below, Frank Stanford, met his burden of raising a fact issue concerning fraudulent concealment of a cause of action after the appellees, defendants below, Grady Johnson and Mrs. Harold "Patsy" Johnson, had established that the statute of limitations had run on appellant's cause of action for conspiracy and for assault and battery. We find that no such fact issue was raised and affirm the trial court's judgment.

The record indicates that appellant was assaulted in a tavern in Gonzales, Texas, in August of 1956. Appellant alleged in his pleadings that the attack was the result of a conspiracy. He claimed that certain persons agreed to assault him, fed him liquor in a Gonzales bar until he was inebriated, maliciously attacked him, and then later told him that his injuries were due to his own clumsiness while intoxicated. Appellant further stated in his affidavit that many years later a person present at the scene of the attack told him that his injuries were not due to his clumsiness but were planned by several people and were the result of a personal assault.

This suit was filed on March 29, 1977, against six named defendants, two of whom were the appellees herein. Appellees filed general denials and requested answers to interrogatories. One of the answers to interrogatories stated that the alleged incident made the basis of the appellant's suit took place in August of 1956. Appellees, thereafter, filed a motion for summary judgment claiming that the applicable two-year statute of limitations had run as to both the conspiracy and assault and battery allegations. See Tex.Rev.Civ.Stat.Ann. art. 5526 (1958). The trial court sustained the request for summary judgment. Appellees then moved that the court sever the appellant's cause against them from the cause against the other four defendants. The court granted this motion and Stanford brings this appeal.

Appellant brings two points of error. The points in general language contend that the summary judgment should not have been granted because genuine issues of fact exist as to whether the statute of limitations defense barred appellant's cause. Within the text of his argument, however, appellant more specifically argues that the trial court erred in granting the summary judgment because the summary judgment proof showed that the appellees had fraudulently concealed the appellant's cause of action and that therefore the appellees should be estopped from relying on the limitations defense. We disagree.

■ We first note that on appeal appellant nowhere attacks the trial court's determination that his cause is prima facie barred by the two-year statute of limitations defense. Appellant has the burden to call this Court's attention to any possible fact issue which was not eliminated by the summary judgment proof. *Garcia v. Ray*, 556 S.W.2d 870, 872 (Tex.Civ.App.—Corpus Christi 1977, writ dism'd); see also *B. L. Nelson & Associates v. City of Argyle*, 535 S.W.2d 906, 908 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.). Because of his failure to call our attention to any fact issue which was not eliminated by the appellees' limitations defense, for purposes of this appeal, then, we must presume that appellees' limitations defense was properly established as a matter of law.

■ Insofar as fraudulent concealment of a cause of action is concerned, "When a defendant is under a duty to make a disclosure but fraudulently conceals the existence of a cause of action from the one to whom it belongs, the guilty party will be estopped from relying on the defense of limitations until the right of action is, or in the exercise of reasonable diligence should be, discovered." *Nichols v. Smith*, 507 S.W.2d 518, 519 (Tex.Sup.1974). Because the appellees proved the limitations defense as a matter of law, it was the appellant's burden to come forward with proof raising an issue of fact with respect to fraudulent concealment. *Nichols v. Smith*, supra.

The only documents in the record which might support appellant's position are his pleadings, answers to interrogatories and affidavit in opposition to the motion for summary judgment. Appellant's pleading however, may not be considered in discharging his burden. *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540 (Tex. Sup.1971). In addition, appellant's answer to interrogatories may not be considered in meeting this burden in that they may be used only against the party making such answers. Rule 168, T.R.C.P.; *Jeffry v. Larry Plotnock Co., Inc.,* 532 S.W.2d 99, 102 (Tex.Civ.App.—Dallas 1975, no writ); *Sprouse v. Texas Employers Insurance Ass'n.,* 459 S.W.2d 216 (Tex.Civ.App.— Beaumont 1970, writ ref'd n. r. e.). Finally, appellant's affidavit does not comply with Rule 166–A(e), T.R.C.P., requiring that affidavits be made on personal knowledge and that they show affirmatively that the affiant is competent to testify to the matters stated therein. Indeed, nowhere does the affidavit state that the facts therein are made on the personal knowledge of the appellant. Furthermore, all statements even remotely relevant to appellant's fraudulent concealment argument are clearly hearsay and made on information and belief. Such affidavit may not be considered to discharge appellant's burden. *Pickering v. First Greenville National Bank,* 495 S.W.2d 16 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.); *Sprouse v. Texas Employers' Ins. Ass'n,* supra.

Even if we were to consider the affidavit, we find that as it concerns the appellees herein it raises no issues as to fraudulent concealment because it nowhere mentions the appellees. It makes only broad assertions concerning a conspiracy among other persons not parties to this appeal. Appellant, thus, failed to discharge his burden and his two points of error are overruled.

The judgment of the trial court is affirmed.