Mary **RUTHERFORD** et al., Petitioners,

v.

C. M. **RANDAL** et al., Respondents.

No. B–8335.

Supreme Court of Texas.

Jan. 30, 1980.

Jennings, Montgomery, Dies & Turner, Elton M. Montgomery, Graham, for petitioners.

D. J. Brookreson, II, Seymour, for respondents.

GREENHILL, Chief Justice.

This case involves the interpretation of a 1938 mineral deed in order to determine the interests conveyed by that deed.

C. M. Randal, and the successors in interest to other original grantees,[1] brought suit in trespass to try title against Mary Rutherford, and the other successors in interest to the original grantor,[2] Clifford Rutherford.

Randal claimed that the mineral deed contained conflicting provisions regarding the interest conveyed. Randal further claimed that the deed should be interpreted as conveying to the grantees a 1/24th interest in and to the oil, gas and other minerals in and under a tract of land in Young County.

The trial court rejected this contention, and granted Mary Rutherford's motion for summary judgment. The holding was that only a 1/240th interest in the minerals had been conveyed. The court of civil appeals reversed this summary judgment, and remanded the case for a trial to determine the grantor's intent. 577 S.W.2d 368.

In reversing, the court of civil appeals held that there was a factual dispute about the extent of mineral interests that the grantor intended to convey. The court of civil appeals further held that extrinsic evidence could properly be considered to determine that intent.

We agree with the judgment of the trial court and disagree with the holding of the court of civil appeals. We hold that the deed unambiguously conveys only a 1/240th mineral interest to Randal. Accordingly, extrinsic evidence concerning the grantor's intent is not admissible to challenge the terms of the deed. We, therefore, reverse the judgment of the court of civil appeals, and affirm the summary judgment granted by the trial court.

On February 1, 1938, Clifford and Maggie Rutherford executed a deed of mineral interests to C. M. Randal, and others. It provided, in pertinent part:

That *we,* Clifford Rutherford and wife Maggie Rutherford . . . *do grant,* sell, convey, assign and deliver unto the said Grantees *an undivided one two-hundred dred fortieth (1/240) interest* in and to all of the oil, gas and other minerals in and under, and that may be produced from the following described land situated in Young County, Texas, to wit:

. . . [Legal description]. *For a better description of said land* reference is hereby made to deeds of record in the Deed Records of Young County, Texas, and *the interest hereby conveyed in said land is that portion that the grantor, Clifford Rutherford, received from his deceased parents.* [Emphasis added].

■ Randal claimed that this deed operated to convey a 1/24th mineral interest in the specified land, rather than the 1/240th mineral interest specifically enumerated in the granting clause. In support of this contention, Randal pointed out, and it was undisputed, that at the time of this conveyance Clifford Rutherford, the grantor, actually owned a 1/24th mineral interest in the land.[3] In light of this circumstance, Randal focused on that portion of the deed that declared: "the interest hereby conveyed in said land is that portion that the grantor, Clifford Rutherford, received from his deceased parents." Randal contended that this clause of the deed conflicted with the specific conveyance set forth in the granting clause. The granting clause purported to convey a 1/240th mineral interest, whereas the subsequent clause, according to Randal,

1. In this opinion, reference to C. M. Randal should be understood as including all of those persons claiming rights through the original grantees.

2. In this opinion, reference to Mary Rutherford should be understood as including all of those persons claiming rights through the grantor.

3. This opinion should not be interpreted as preventing proof that Clifford Rutherford actually inherited a 1/24th mineral interest, since the deed made specific reference to this inherited interest.

The proof that he owned a 1/24th mineral interest creates no ambiguity in the language of the deed, which we hold cannot be construed to convey other than a 1/240th interest. While evidence of his actual interest might suggest a mistake in the drafting of the deed, that is irrelevant here as this is not a suit for reformation.

when read in light of the existent facts at the time of execution, purported to convey a ¹⁄₂₄th mineral interest.

■ Randal claimed that the effect of these two provisions was to create an ambiguity in the deed, thus permitting the introduction of extrinsic evidence to discover Clifford Rutherford's original intent.[4] In arguing that the deed was ambiguous, Randal relied mainly on *Smith v. Allison,* 157 Tex. 220, 301 S.W.2d 608 (1956).

In *Smith,* a successor in interest to the grantee sued a successor in interest to the grantor, seeking to establish his right to a ¹⁄₄th mineral interest in the northeast quadrant of a certain tract of land. In the deed, the grantor had conveyed an undivided ½ interest in the oil, gas and other minerals in and under the *southeast* and *northwest* quadrants of that tract of land. There was *no explicit grant concerning the northeast quadrant.* In a subsequent paragraph, however, the deed provided:

> The parties however *intend this deed to include and the same is hereby made to cover and include* not only the above described land, but also *any and all other land and interest in land owned or claimed by the Grantor in said survey . . . .* [Emphasis added]

In *Smith,* it was undisputed that, at the time of execution of this deed, the grantor owned an interest in the *northeast* quadrant of the tract of land.

In light of this intent clause, expressing that the parties *intended* the conveyance to include all of the grantor's interests in the tract of land, this court held that there was

an ambiguity as to the extent of the grantor's interest that was conveyed. Accordingly, the grantor's successors in interest were permitted to introduce extrinsic evidence concerning the grantor's intent.

■ Relying on *Smith,* Randal argues that extrinsic evidence is similarly admissible in this case. A close look at the facts in *Smith,* and the deed provisions in this case, however, demonstrate the error of this argument. In the instant case, the recital that the conveyance is the portion previously conveyed by Clifford Rutherford's parents is no more than a description of the lands wherein the mineral interests are located. The clause that allegedly creates the ambiguity immediately follows this language: "*For a better description of said land* reference is made to" the Deed Records of Young County. In *Smith,* the provision created the ambiguity by *expressly providing that the parties intended* an interest to pass, which interest was not included in the granting clause. In this case, the description contains no such language. There is no basis for implying that the conveyance includes *all* of Clifford Rutherford's interest, or *any* additional interest over and above the ¹⁄₂₄th interest expressly conveyed.

In reaching this conclusion, we are strongly persuaded by *Burns v. Goodrich,* 392 S.W.2d 689 (Tex.1965). In *Burns,* this court was confronted with a granting clause that specifically conveyed a 33⅓ acre undivided interest in a 200 acre tract. A subsequent provision of the deed declared, in remarkable similarity to the deed in this case:

---

4. The evidence that Randal presented in connection with the proof of Clifford Rutherford's intent was an affidavit by J. Donnell Dickson, the notary public who acknowledged the deed. Mr. Dickson's affidavit avers that Clifford Rutherford "stated it was his intention to convey everything that he had inherited from his father and mother who were deceased."

While the extrinsic evidence concerning Clifford Rutherford's intent would be admissible in a suit for reformation, or where Randal had alleged fraud, accident or mistake, *Richardson*

*v. Hart,* 143 Tex. 392, 185 S.W.2d 563 (1945), in the absence of such pleading, this extrinsic evidence is not admissible unless an ambiguity appears on the face of the deed. *Ulbricht v. Friedsam,* 159 Tex. 607, 325 S.W.2d 669, 673 (1959); *Harriss v. Ritter,* 154 Tex. 474, 279 S.W.2d 845, 846 (1955).

Since Randal failed to seek reformation and also failed to allege fraud, accident, or mistake in this case, we are compelled to find an ambiguity in the deed before we may consider Mr. Dickson's affidavit.

It being understood that the interest hereby conveyed in said 200 acres of land being the interest *inherited* by the said Ivy Lord, from the estate of his deceased father and mother . . . . .

It later turned out that the interest received through inheritance constituted only 16⅔ acres.

This court, in applying the doctrine of after acquired property to quiet title in the grantee, expressly rejected the contention that the clause reciting the "understanding" limited, or cast into ambiguity, the clause expressly conveying the 33⅓ acre undivided interest in the 200 acre tract. Instead, this court held that the deed unambiguously conveyed the full 33⅓ acre undivided interest. With reference to the provision reciting the parties' understanding, this court declared:

> *The sentence* . . . upon which Respondent relies *is not an intention clause* restricting the granting clause to a conveyance of the grantor's interest . . i. e., his inherited undivided interest subject to the judgment lien against his mother. To the contrary, *the sentence constitutes an identifying reference to the interest in land which was the subject of the conveyance* and comports with the granting clause which states in clear and unambiguous terms the conveyance by the grantor of an undivided 33⅓ acres of land. [Footnotes omitted and emphasis added].

392 S.W.2d at 692.

Similarly, in this case, the deed expressly grants a ½₄₀th mineral interest in the specified tract of land to Randal. The language relied on by Randal does not conflict with the conveyance of that interest, but is no more than "an identifying reference to the interest in land which was the subject of the conveyance." Since there is no conflict between these provisions, the deed contains no ambiguity as to the extent of interests conveyed.

The absence of an ambiguity in the deed negates all justification for the consideration of extrinsic evidence concerning the original intent of the grantor, Clifford Rutherford. Under these circumstances, this court will limit its search for the grantor's intent to that intent which was expressed within the four corners of the deed. *Smith v. Liddell,* 367 S.W.2d 662, 666 (Tex. 1963).

In the absence of an ambiguity, the court of civil appeals erred in giving overriding consideration to the extrinsic evidence concerning Clifford Rutherford's intent, rather than construing the extent of the conveyance by interpreting the deed. The trial court, however, correctly limited its consideration to the deed's provisions.

A reading of the deed, in its entirety, convinces us that the trial court properly determined that the deed conveyed only a ½₄₀th interest to Randal.

Accordingly, we reverse the judgment of the court of civil appeals, and affirm the judgment of the trial court.

GARWOOD, J., not sitting.