Leroy **THURMAN**, Appellant,

v.

**FROZEN FOOD EXPRESS**, Appellee.

No. 20276.

Court of Civil Appeals of Texas, Dallas.

May 20, 1980.

Walter E. Steimel, Fort Worth, for appellant.

John A. Mackintosh, Jr., Thompson & Knight, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Leroy Thurman appeals from a summary judgment granted in favor of defendant Frozen Food Express. Thurman contends that fact issues exist concerning whether the individuals involved were employed by Frozen Food and whether the vehicles involved in the accident were owned by Frozen Food. We affirm.

Thurman sued Frozen Food Express for personal injuries which he alleged to be the result of the negligence of an employee of Frozen Food acting within the scope of his employment. Thurman was injured when the top of a cab of a damaged tractor blew off and struck the truck Thurman was driving. This damaged tractor was being hauled by another truck. Frozen Food Express answered with a general denial and moved for summary judgment on the grounds that none of the individuals involved in the accident were employed by Frozen Food Express and that it did not own any of the vehicles involved. Thurman filed no answer or other response to the motion. He now contends that the evidence was insufficient to prove the status of employment of the driver of the towing vehicle, the ownership and control of the towing vehicle, and the relationship between Frozen Food Express and another corporation named Conwell Corporation.

Frozen Food Express asserts that the summary judgment evidence shows that it was entitled to judgment on its motion. Frozen Food Express' personnel supervisor, who was supervisor at the time of the accident, stated in his affidavit that the driver of the towing vehicle was not employed by Frozen Food Express at the time of the accident. The record also contains affidavits of employees of Conwell Corporation. Conwell Corporation's crew supervisor stated that he and the driver of the towing vehicle were the only two individuals who participated in retrieving the damaged tractor-truck other than when it was loaded onto the vehicle by a wrecker service. Conwell Corporation's vice-president stated by affidavit, and attached corporate records which reveal, that Conwell Corporation owned both the damaged vehicle and the towing vehicle and that both the crew supervisor and the driver of the towing vehicle were employees of Conwell Corporation at the time of accident.

Thurman contends that fact issues still exist, regardless of whether the driver was established to be an employee of Conwell Corporation, since the evidence does not establish as a matter of law that he was not acting as a borrowed servant or under the control of Frozen Food. Thurman did not plead these theories and thus these issues were not presented to the trial court and cannot be considered on appeal. Tex.R. Civ.P. 166–A. Thurman argues that the fact that he did not file a response to the motion is not determinative, citing *Combs v. Fantastic Homes, Inc.,* 584 S.W.2d 340 (Tex.Civ.App.-Dallas 1979, writ ref'd n.r.e.). We agree that a response is not always necessary but, as the court stated in *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979), "[n]o longer must the movant negate all possible issues of law and fact that could be raised by the non-movant in the trial court but were not." We overrule his contention.

Thurman also asserts that a fact issue exists as to the ownership and control of the towing vehicle. He relies upon his own answers and attached exhibits to Frozen Food's interrogatories to establish this issue. The affidavits in the record establish that Conwell owned the vehicles in question. The non-moving party may not resort to his own answers to the moving party's interrogatories as proof of the existence of a genuine issue of material fact. *Jeffery v. Larry Plotnick Co., Inc.,* 532 S.W.2d 99, 102 (Tex.Civ.App.-Dallas 1975, no writ); *Sprouse v. Texas Employers' Insurance Association,* 459 S.W.2d 216, 220 (Tex.Civ. App.-Beaumont 1970, writ ref'd n.r.e.); Tex.R.Civ.P. 168. The relevance of the attached exhibits also depends upon Thurman's answers to the interrogatories and cannot raise a fact issue.

In Thurman's last point of error, he argues that there is insufficient evidence that he sued the wrong defendant because there

is summary judgment evidence in the record of some relationship between Frozen Food and Conwell Corporation. Again, however, Thurman did not allege that Frozen Food was related to any other corporation and did not present such a contention to the trial court. We therefore cannot consider this contention on appeal.

Affirmed.