**Charles Vartan WALKER, Appellant,**

**v.**

**Maurice S. HORINE, M.D., and Retama Manor Nursing Centers, Inc., Appellees.**

**No. 13–84–149–CV.**

Court of Appeals of Texas, Corpus Christi.

March 14, 1985.

Rehearing Denied April 18, 1985.

Second Motion For Rehearing Denied June 13, 1985.

Harry Dobbs, Jr., Corpus Christi, for appellant.

William J. Chriss, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellees.

## OPINION

PER CURIAM.

This is an appeal from a judgment of the trial court ordering a severance and partial summary judgment granting specific performance of an option to purchase contract.

The appellant, Charles Vartan Walker, as owner, entered into a contract with Retama Manor Nursing Centers, Inc. (Retama), as lessee and one of the appellees herein, for the purpose of leasing certain property to be utilized as a nursing home. The premises were leased for a term of fifteen years and three months. Simultaneously, the parties entered into an option to purchase agreement. This agreement gave Retama an option to purchase the leased property from Walker at any time after the end of the sixty-third month of the initial term of the lease at a price of $530,000.00. The option agreement was executed on August 24, 1972, the same date as the lease agreement, and states that the option shall run concurrently with the contract of lease agreement. A right of first refusal was also included in the option agreement.

Retama subsequently, on September 29, 1978, assigned its interest in the option contract to Maurice Horine, the other appellee. Horine attempted to exercise the option in the fall of 1978, but Walker refused to sell. Appellees then sued Walker for specific performance of the option agreement. The trial court granted appellee Horine's motion for summary judgment and ordered appellant to specifically per-

form the option contract in favor of Horine's option. The trial court severed this action from the remainder of the lawsuit which concerned Walker's claims for affirmative relief.

Appellees moved for summary judgment on the theory that the option agreement should be specifically enforced. Appellant's apparent defensive theory (although his answer does not appear in the record) is that Perry Horine (appellee's brother and a real estate broker, who was not a party to the lawsuit), acted in collusion with appellee Maurice Horine to deprive appellant of the reasonable value of his property. Appellant's first points of error are to the effect that the trial court erred in granting appellees' motion for summary judgment because appellees failed to prove lack of fraud. Walker claims that this was an essential element of appellees' cause of action for specific performance.

■ The movant in a summary judgment case is required to prove that he is entitled to prevail on each and every element of his cause of action. He is not required to negate each of the defenses which could have been raised by the non-movant, but were not. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex. 1979).

■ Here, the trial court granted appellees' motion to specifically enforce the option contract. Because appellant's answer is not included in the record, we are unable to conclude that he pled an affirmative defense of fraud. In order to avoid a summary judgment based on the affirmative defense of fraud, it was incumbent upon appellant to raise issues of fact on each of the following elements: 1) that a material representation of fact was made; 2) that it was false; 3) that, when the speaker made it, he knew it was false, or that he made it recklessly without any knowledge of its truth and as a positive assertion; 4) that he made it with the intention that it should be acted upon by the party; 5) that the party acted in reliance upon it; and 6) that he thereby suffered injury. *Custom Leasing, Inc. v. Texas Bank & Trust Co. of*

*Dallas*, 516 S.W.2d 138 (Tex.1974); *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605, 611 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.); *Neuhaus v. Kain*, 557 S.W.2d 125, 136 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

■ In appellant's affidavit, which is attached to his response, he states that he believes that appellee Maurice Horine and his brother, Perry Horine (not a party to the lawsuit), acted in concert to deprive him of the reasonable value of his nursing home. This affidavit does not serve to raise a fact issue on each element of the affirmative defense of fraud as is required.

■ Appellant also attempts to utilize his own answers to interrogatories to defeat appellees' motion. It is settled law that a non-moving party may not resort to his own answers to the moving party's interrogatories as proof of the existence of a genuine issue of material fact. *Thurman v. Frozen Food Express*, 600 S.W.2d 369 (Tex.Civ.App.—Dallas 1980, no writ); *Stanford v. Johnson*, 577 S.W.2d 791 (Tex. Civ.App.—Corpus Christi 1979, no writ); *Jeffrey v. Larry Plotnick Co., Inc.*, 532 S.W.2d 99 (Tex.Civ.App.—Dallas 1975, no writ).

Appellant's response to the motion for summary judgment did not raise a fact issue concerning the elements of the affirmative defense of fraud; therefore, appellees' burden to negate the absence of fraud never arose. Appellant's first and second points of error are overruled.

In appellant's third point of error, he asserts that there is a fact issue as to whether the parties intended the lease agreement and the option to purchase agreement as separate instruments. He argues in his fourth point that the trial court erred in finding that the contract was definite and certain enough to invoke the remedy of specific performance. Appellant claims that the assignment clauses in the lease agreement and the option to purchase agreement are in contradiction, thereby creating an ambiguity which presents a fact issue to be determined by a jury. Ap-

pellee, on the other hand, contends that the lease agreement and the option to purchase agreement are separate instruments. We agree.

The judgment of the trial court granted specific performance in favor of appellee Horine. The evidence shows that Horine was never an assignee of the lease. His agreement with Retama assigned only Retama's interest in the option agreement and did not disturb the lease agreement with Retama and Walker. Walker contends that the lease agreement and the option to purchase agreement were part of the same agreement. In his answers to interrogatories, he claims that the option was originally part of the lease contract but was made a separate instrument at his request since he believed the option price would make it difficult to get necessary financing.

The option to purchase agreement, entered into by the parties on the same day they executed the lease, grants the option to purchase the leased premises as follows:

"That Walker agrees that Retama shall have an option to purchase the leased premises, which shall include all those items heretofore mentioned, and other items so owned by Walker and included in the nursing home facility covered by said lease, at any time after the end of the sixty-third month of the initial term of said lease, at a price of $530,000.00, FIVE HUNDRED AND THIRTY THOUSAND DOLLARS cash, which option shall run concurrent with the said Contract of Lease agreement, and any renewal or extension thereto; provided, however, that no payments of rental paid under the terms of said lease shall be applied to said purchase price."

The lease agreement contains the following clause with regard to assignment:

This lease and lessee's interest in this lease shall not be assigned, sublet, sold, transferred, mortgaged, pledged, or otherwise disposed of or encumbered in whole or in part, by law or otherwise, *without the prior written consent and approval of lessor, which approval*

*shall not be unreasonably withheld.* (Emphasis ours.)

 The option to purchase agreement contains only the following language with regard to the assignability of the contract:

The terms of this option to purchase and offer of first right of refusal shall [unintelligible] and inure to the benefit of the parties hereto, their heirs, executors and administrators, lessors and *assigns.* (Emphasis ours)

The lease agreement further provides: *Section 8 Entire Agreement* This lease and any exhibits relating hereto is the entire agreement between the parties and may not be changed verbally, but only by an agreement in writing and signed by the party against whom the enforcement of any waiver, change, modification or discharge is sought.

Generally, an option agreement is not considered a completed contract until it is accepted within the time limit and in the manner prescribed. The exercise of an option, like acceptance of any offer, must be positive and unequivocal. *Austin Presbyterian Theological Seminary v. Moorman,* 391 S.W.2d 717 (Tex.1965).

 Here, the option agreement is in a separate writing which is signed by both parties. There is no allegation of record that it was not supported by consideration. It is dated and states the price of the land. It refers to exhibit A of the lease for a description of the land. This is sufficient to describe the land under the statute of frauds because the option agreement document furnishes within itself the means by which the property could be identified with reasonable certainty. *Morrow v. Shotwell,* 477 S.W.2d 538 (Tex.1972); *Nash v. Canaster,* 410 S.W.2d 512 (Tex.Civ.App.—Dallas 1966, no writ). The option agreement stated that it could not be enforced until after the end of the sixty-third month of the initial term of the lease. It also required that, if the optionee desired to exercise the option, the notification to Walker was to be in writing.

The lease agreement and the option agreement were correctly determined by the court to be two separate instruments. Although executed on the same day, they are not necessarily part of the same transaction because each agreement gives the parties separate benefits as well as separate obligations. The lease agreement provides for assignment with prior written permission of the lessor. No similar written provision exists in the option agreement. The option agreement states that its benefits will inure to the assigns. By construing the two agreements as separate contracts, we may give effect to both, and each may stand and take effect. *See Guadalupe-Blanco River Authority v. Tuttle,* 171 S.W.2d 520 (Tex.Civ.App.—San Antonio writ ref'd w.o.m., 174 S.W.2d 589 (Tex. 1943)).

Appellant also directs us to a memorandum of lease signed by the parties on March 12, 1973 after the execution of the lease and option to purchase agreements as evidence sufficient to raise a fact issue as to the intent of the parties in entering into the lease and option agreements. The portion of the agreement germane to this appeal states:

> Additionally, *said lease grants unto lessee the option to purchase the demised premises* any time after the sixty-third (63) month of the initial term of said lease. (Emphasis ours).

Ambiguity in a contract is a question of law. *New Mexico Uranium, Inc. v. Moser,* 587 S.W.2d 809 (Tex.Civ.App. —Corpus Christi 1979, writ ref'd n.r.e.). Only if the court finds that the contract is ambiguous after application of pertinent rules of construction is a fact issue created. *O'Shea v. Coronado Transmission Co.,* 656 S.W.2d 557 (Tex.Civ.App.—Corpus Christi 1983, writ ref'd n.r.e.). Here, the trial court was correct in construing the documents as two separate unambiguous instruments. Because there was no ambiguity, the trial court was also correct in not considering the memorandum of lease as summary judgment evidence sufficient to create a fact issue. In the absence of an ambiguity, the court need not look to extrinsic evidence. *Rutherford v. Randal,* 593 S.W.2d 949 (Tex.1980); *Entzminger v. Provident Life and Accident Insurance Co.,* 652 S.W.2d 533 (Tex.App.—Houston [1st Dist.] 1983, no writ). The court will limit its search for the intent of the parties to the intent expressed within the four corners of a document. *See Rutherford v. Randal,* 593 S.W.2d at 953; *Smith v. Liddell,* 367 S.W.2d 662 (Tex.1963). Appellant's third and fourth points of error are overruled.

In appellant's fifth point of error, he argues that the trial court erred in finding as a matter of law that the option to purchase was valid and assignable. Appellant claims that Retama's exercise of its right of first refusal under the Option to Purchase Agreement by letter of September 15, 1976 terminated its rights under the option agreement to purchase the property for a stated price as well as terminated its rights under the lease. Walker contends that it was his intention that the lease would terminate when the appellees failed to exercise their right of first refusal. Here, the option agreement states:

> "Anything hereinto the contrary notwithstanding, Retama's first right of refusal to purchase the premises granted hereby by Walker shall be a right given by Walker in addition to Retama's option to purchase as contained herein, and not in any way to be construed as a right in lieu of said option to purchase."

The language of the option agreement clearly states that the option to purchase and the right of first refusal are separate rights. Appellant argues that his answers to interrogatories raise a fact issue as to his intention that the agreements were considered one instrument. These answers were insufficient to raise a fact issue. *Thurman v. Frozen Food Express,* 600 S.W.2d at 370; *Stanford v. Johnson,* 577 S.W.2d at 793; *Jeffrey v. Larry Plotnick Co., Inc.,* 532 S.W.2d at 102. Appellant's fifth point of error is overruled.

In appellant's sixth point of error, he urges that the trial court erred in grant-

ing summary judgment for appellee Horine because there is a fact issue as to the exact relationship between Perry Horine and Retama. Appellant's argument is that there is a fact issue concerning collusion between an individual, acting as Retama's agent and not a party herein, and appellee Perry Horine. Appellant points to the same evidence of fraud that he urged in his first point of error as evidence of collusion. Again, his own answers to interrogatories are not sufficient to raise a fact issue precluding a summary judgment. His affidavit merely states that Perry Horine and appellee Maurice Horine acted in concert in a conspiracy to deprive him of the reasonable market value of his nursing home. His response states that there is a fact issue as to collusion, but presents no evidence of collusion, other than a statement in his response that collusion has occurred. This is insufficient to preclude summary judgment based upon a defensive plea of collusion. Appellant's sixth point of error is overruled.

In appellant's seventh point of error, he claims that the trial court erred in finding that all conditions precedent upon which his liability on the contract depended had been performed by appellees. Walker contends that the option contract could not be specifically performed because his consent to the assignment of the lease was never granted.

■ Appellees claim that the option agreement provides only the following conditions precedent: 1) that the lease agreement still be in effect; 2) that the option be exercised after the sixty-third (63rd) month of the initial term of the lease agreement; and 3) that written notice of the exercise of the option be given to Walker. They argue that all of these conditions were met as a matter of law. We agree with appellees that these named conditions were proven up by competent summary judgment proof and, under the option to purchase agreement, were the only conditions which needed to be met. The summary judgment proof shows that appellee gave written notice of the option to purchase. The notification occurred after the end of the sixty-

third month of the initial term of the lease. Written notice was given to the appellant. We have also determined under a foregoing point of error that the option agreement was separate from the lease agreement. We find that the assignability provision mandates that the lease could be assigned only with the written permission of Walker. Walker specifically points out in his response to the motion for summary judgment that the summary judgment evidence does not reflect that written permission to assign was ever requested or given by Walker. We find that the option agreement does not require written permission to assign. Therefore, it was unnecessary for the conditions precedent of the lease agreement to be met in order for appellee to get specific performance of the option contract. Appellant's seventh point of error is overruled.

■ In his eighth point of error, he claims the trial court erred in failing to call a Court of Inquiry at the request of Walker when the proof was apparent that the copy of the Assignment of Option sent to Walker was different from the assignment form used as summary judgment proof. Appellant points out in his motion for new trial that there is a discrepancy in the notice of assignment he received and the notice of assignment which appears in the summary judgment proof. We agree that the two notices of assignment are different. The assignment agreement that was utilized as summary judgment proof by the appellee contained the following phrase:

WHEREAS, Assignor desires to sell such Corpus Option and MAURICE HORINE, M.D. ("Assignee"), wishes to acquire such Corpus Option:

This phrase was not included in the assignment agreement that was allegedly sent to Charles Walker. We doubt if there is any materiality in this discrepancy, but in any event, the discrepancy was not pointed out to the Court as summary judgment proof. The letter indicates that appellant believed the granting of a motion for summary judgment to be premature because the court had convened a "Court of Inquiry"

which challenged the validity of certain summary judgment evidence. We find that the evidence was not before the court as summary judgment proof at the time it entered its order granting summary judgment. Therefore, it may not be used to defeat appellee's motion for summary judgment. Appellant's eighth point of error is overruled. The judgment of the trial court is affirmed.

BENAVIDES and DORSEY, JJ., not participating.

### OPINION ON MOTION FOR REHEARING

PER CURIAM.

On March 14, 1985, this Court entered an order affirming the judgment of the trial court. This order was in response to an appeal from a summary judgment granted in favor of appellees.

On Motion for Rehearing, appellant reasserts that the judgment should be reversed and remanded for a trial on the merits because appellees failed to prove lack of fraud. In conjunction with this motion for rehearing, appellant has filed a motion to file supplemental transcript containing the Defendant's (appellant's) Original Answer, Counterclaim and Cross-Action, which pleading was requested to be included, but was "inadvertently omitted in the transcript filed in this Court."

Appellant contends that this omitted pleading is material for a proper review by this Court because such pleading will show that appellant affirmatively pled fraud as a defense to appellees' cause of action for specific performance. Additionally, appellant contends that his original answer, counterclaim and cross-action should be included by supplemental transcript filed in this Court because such pleading is sufficient to raise issues of fact as to the existence of fraud, as alleged in his response to the motion for summary judgment. *See* TEX.R.CIV.P. 428.

We recognize that counsel for appellant filed "Defendant Charles Vartan Walker's First Amended Request For Transcript," in which he requested the clerk of the trial court to include the pleading in question in the transcript to be filed in this Court. Even though counsel made the proper request, it is the attorney's responsibility to see that the proper papers are filed with the Court of Appeals, not the clerk who fails to perform his or her proper duties. Additionally, we find that the omission of appellant's original answer has no material effect on the disposition of this appeal because pleadings themselves, even if verified, do not constitute summary judgment evidence. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Hidalgo v. Surety Savings & Loan Ass'n,* 462 S.W.2d 540 (Tex.1971); *Miller v. Soliz,* 648 S.W.2d 734 (Tex.App.— Corpus Christi 1983, no writ). Appellant's pleadings would not serve to raise a fact issue on each and every element of the affirmative defense of fraud as is required.

Appellant's motion to file a supplemental transcript is denied. Appellant's motion for rehearing is overruled.

BENAVIDES and DORSEY, JJ., not participating.