**Glenn KEEVER, et al, Appellants,**

v.

**HALL & NORTHWAY ADVERTISING, INC., Appellee.**

No. 05–86–00484–CV.

Court of Appeals of Texas, Dallas.

March 17, 1987.

Douglas H. Parks, Dallas, for appellants.

William R. Wilson, Dallas, for appellee.

Before DEVANY, ROWE and McCRAW, JJ.

DEVANY, Justice.

In a suit on a sworn account, Glenn Keever, an individual, and Members Credit Group, Inc., d/b/a Feature Vision, (Feature Vision), appellants, appeal from a summary judgment in favor of appellee, Hall & Northway Advertising, Inc. (Hall & Northway). Hall & Northway brought suit to recover amounts allegedly owed it for advertising services provided to Feature Vision, the corporation, and to Glenn Keever, in his individual capacity, together with attorney's fees. On appeal, both Keever and Feature Vision contend: (1) that the evidence is insufficient to support a summary judgment against them because genuine issues of material fact were raised; (2) that the trial court abused its discretion in refusing to consider their late-filed response to Hall & Northway's motion for summary judgment; and (3) that Glenn Keever is not individually liable as to the debt allegedly owed by the corporation, Feature Vision. We affirm as to Feature Vision, and reverse and remand as to the individual liability of Glenn Keever.

■ Keever and Feature Vision assert that the trial court abused its discretion in refusing to consider their response to Hall & Northway's motion for summary judgment. A hearing was set on the motion for summary judgment for January 30, 1986. Keever and Feature Vision did not file their response to this motion until January 27, 1986. Rule 166–A of the Texas Rules of Civil Procedure clearly states, "[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of the hearing may file and serve opposing affidavits or other written response...." It is solely within the discretion of the trial court whether to consider any late-filed answer. *Nava v. Steubing*, 700 S.W.2d 668, 670 (Tex.App.—San Antonio 1985, no writ); *Barrera v. Sanchez*, 679 S.W.2d 704, 705 (Tex.App.—San Antonio 1984, no writ); *Rhodes v. City of Austin*, 584 S.W.2d 917, 921–22 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). In the present case, the trial court exercised its discretion and declined to consider Keever's and Feature Vision's late-filed response. From the record before us, we cannot say that the trial court abused its discretion.

■ Keever and Feature Vision next maintain that Glenn Keever's answers to Hall & Northway's interrogatories raised genuine issues of material fact which would preclude summary judgment. They are mistaken. Answers to interrogatories of a party opposing a motion for summary judgment cannot be used to defeat the motion on the ground that they raise a material fact issue. *Walker v. Horine*, 695 S.W.2d 572, 575 (Tex.App.—Corpus Christi 1985, no writ); *Thurman v. Frozen Food Express*, 600 S.W.2d 369, 370 (Tex.Civ.App.—Dallas 1980, no writ). This is because answers to interrogatories can be used only *against* the party answering the interrogatories, *Jeffrey v. Larry Plotnick Co., Inc.*, 532 S.W.2d 99, 102 (Tex.Civ.App.—Dallas 1975, no writ); TEX.R.CIV.P. 168, rather than to be used as self-serving statements *for* the party making them.

Glenn Keever, individually, next contends that the summary judgment evidence is insufficient to hold him personally liable. Because no timely response to Hall & Northway's motion for summary judgment was filed, the only issue is whether the grounds expressly presented to the trial court by the motion for summary judgment are insufficient as a matter of law to support summary judgment against Glenn Keever personally. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979); *Fisher v. Capp*, 597 S.W.2d 393, 397 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.). We hold that the summary judgment evidence presented by Hall & Northway is insufficient as to Glenn Keever.

■ The summary judgment evidence relied on by Hall & Northway to hold Glenn Keever personally liable consisted of an affidavit of John Hall, an officer of Hall & Northway, together with copies of the original invoices mailed to Feature Vision, attached to Hall & Northway's motion for summary judgment. In John Hall's affidavit he swears that Feature Vision, as well as Glenn Keever, individually, requested the services performed by Hall & North-

way. However, the supporting invoices reflect only that Feature Vision, the corporate defendant, was a party to the transaction with Hall & Northway. The invoices are marked to the *attention* of Glenn Keever only. Because the invoices upon which Hall & Northway rely indicate that only Feature Vision was the party to the transaction, there is a significant fact question created by this apparent conflict in the summary judgment evidence as to whether Glenn Keever is individually liable to Hall & Northway. *Sundance Oil Company v. Aztec Pipe and Supply Company, Inc.,* 576 S.W.2d 780, 780–81 (Tex.1978); *Lee v. McCormick,* 647 S.W.2d 735, 739 (Tex.App. —Beaumont 1983, no writ); *Special Marine Products, Inc. v. Weeks Welding and Construction, Inc.,* 625 S.W.2d 822, 825–26 (Tex.App.—Houston [14th Dist.] 1981, no writ). A movant's exhibit can support a motion for summary judgment or it may create a fact question, as in the present case. Since a material fact issue was raised by Hall & Northway's own exhibit in support of its motion for summary judgment, the trial court erred in granting summary judgment against Glenn Keever, individually. The documents provided for in rule 166–A(c) on file with the court at the time of the hearing must "show that ... there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion." TEX.R. CIV.P. 166–A(c).

For these reasons, we affirm the judgment for Hall & Northway as to Members Credit Group, Inc., d/b/a Feature Vision, but we sever Hall & Northway's claim against Glenn Keever, individually, and reverse and remand it for a trial on the merits.