COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

                                                 NO.
2-09-225-CV

 

 

MERLE
HUDSPETH, VIRGINIA                                                     APPELLANTS

LYNCH,
CAROLYN WOOD,

MARGARET
O=BRIEN, DALE 

HUDSPETH,
AND PAULA SIMS

V.

 

MICHAEL J. BERRY, HENRY R.                                                         APPELLEES

BERRY,
CRISSA ELAINE BERRY,

AND
HAYDEN REECE BERRY

 

                                                       ------------

 

                FROM
THE 235TH DISTRICT COURT OF COOKE COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I.  Introduction








In one issue,
Appellants Merle Hudspeth, Virginia Lynch, Carolyn Wood, Margaret O=Brien, Dale
Hudspeth, and Paula Sims (collectively Athe Hudspeths@) appeal from the
trial court=s orders granting summary judgment in
favor of Appellees Michael J. Berry, Henry R. Berry, Crissa Elaine Berry, and
Hayden Reece Berry (collectively Athe Berrys@).  We reverse and render.

II.  Factual and
Procedural History

In 1943, two
brothers, J.H. Berry and R.C. Berry, conveyed by warranty deed (Athe 1943 deed@) their interests
in jointly owned land to a third brother, W.L. Berry.  The 1943 deed contains a reservation clause[2]
reserving nonparticipating royalty interests[3]
for both J.H. and R.C., or their successors-in-interest.  The Hudspeths are successors‑in‑interest
to W.L., and the Berrys are successors‑in‑interest to J.H. and R.C.[4]








In October 2005,
the Hudspeths (via Merle) executed an oil and gas lease with H.E.P. Oil
Company, Ltd. (AH.E.P.@) that pays a
leasehold royalty rate of 1/5th of production. 
After the well began producing, a dispute arose between the Hudspeths
and the Berrys as to the interpretation of the 1943 deed=s reservation
clause.  When an agreement could not be
reached between the parties, the Hudspeths filed a declaratory judgment
action.  Subsequently, the BerrysCMichael filing
with Henry and Crissa filing with HaydenCfiled motions for
summary judgment, arguing, in essence, that the 1943 deed reserved a Afraction of
royalty@ interest[5]
for both J.H. and R.C., or their successors-in-interest.  The Hudspeths responded with their own
motions for summary judgment, requesting that the Berrys= motions be denied
and that the trial court grant judgment in their favor.  The Hudspeths asserted, in essence, that the
1943 deed reserved a Afractional royalty@ interest[6]
for both J.H. and R.C., or their successors-in-interest. 

The trial court,
agreeing with the Berrys, entered orders granting their motions for summary
judgment and ruling that the 1943 deed entitled J.H. or his
successors-in-interest to a 1/5th Afraction of
royalty@ interest and R.C.
or his successors-in-interest to a 1/5th Afraction of
royalty@ interest; thus,
the Berrys were entitled to two 1/25th royalty interests under the H.E.P.
lease.  This appeal followed.

III.  Standard of
Review








In a summary
judgment case, the issue on appeal is whether the movant met the summary
judgment burden by establishing that no genuine issue of material fact exists
and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Mann Frankfort
Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex.
2009).  We review a summary judgment de
novo.  Mann Frankfort, 289 S.W.3d
at 848.  We take as true all evidence
favorable to the nonmovant, and we indulge every reasonable inference and
resolve any doubts in the nonmovant=s favor.  20801, Inc. v. Parker, 249 S.W.3d 392,
399 (Tex. 2008); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002).  

When both parties
move for summary judgment and the trial court grants one motion and denies the
other, the reviewing court should review both parties= summary judgment
evidence and determine all questions presented. 
Mann Frankfort, 289 S.W.3d at 848.  The reviewing court should render the
judgment that the trial court should have rendered.  Id.

 

 

IV.  Royalty Interest

The sole issue in
this appeal is one of deed interpretation: 
whether the reservation clause in the 1943 deed entitles the Berrys to
two Afractional royalty@ interests or to
two Afraction of
royalty@ interests.

A. 
Rules of Deed Interpretation








When a deed is
unambiguous, as is the deed in this case, its construction is a question of law
for this court.  Luckel, 819
S.W.2d at 461.  Our primary duty is to
ascertain the intent of the parties from all the language in the deed by a
fundamental rule of construction known as the Afour corners@ rule.  Id. at 461.  The actual intent of the parties as expressed
in the instrument as a whole prevails over arbitrary rules.  Id. at 462.  To ascertain the parties= intent, we must
harmonize all parts of the deed, even if different parts of the deed appear
contradictory or inconsistent.  Id.  We assume that the parties intended that
every clause of a deed have some effect and, in some measure, to evidence their
agreement.  Id.

B. 
The Reservation Clause

The pertinent portions of the reservation clause read as
follows:

 

There is, however,
expressly reserved and excepted from this conveyance, for the benefit of J. H.
Berry, his heirs or assigns, and [sic] undivided 1/40th royalty interest (being
1/5th of 1/8th) and for the benefit of R. C. Berry, his heirs or assigns, an undivided
1/40th royalty interest (being 1/5th of 1/8th) . . . .  But the grantee herein, his heirs or assigns,
may, and they are hereby expressly authorized to lease the said land at will
for oil, gas and other mineral privileges without our consent or ratification
but in any such lease or leases, there shall be reserved the usual 1/8th
royalty of which 1/8th J. H. Berry shall be entitled to and receive 1/5th, and
R. C. Berry shall be entitled to and receive 1/5th.

C. 
Discussion








In their motions
for summary judgment, the Berrys argued that the 1943 deed reserved a Afraction of
royalty@ interest for both
J.H. and R.C., or their successors-in-interest, such that their shares of the
royalty would always be 1/5th of the leasehold royalty rate.  Consequently, under the lease executed with
H.E.P., the Berrys would be entitled to two 1/25th royalty interests (1/5th
reservation rate x 1/5th leasehold royalty rate).  The Hudspeths, on the other hand, asserted
that the 1943 deed reserved a Afractional royalty@ interest for both
J.H. and R.C., or their successors-in-interest, such that their shares of the
royalty would always be a fixed 1/40th royalty interest.  Consequently, under the lease executed with
H.E.P., the Berrys would be entitled to two 1/40th royalty interests. 

The Berrys= argument that
they are entitled to 1/5th of any leasehold royalty rests upon a claim that the
language, Athe usual 1/8th,@ in the 1943 deed
means Asomething very
different from its plain language.@  Specifically, the Berrys assert that A[a]t the time that
the 1943 deed was executed, >1/8th= was commonly
intended as a synonym for >landowner=s share.=@  Thus, the parties= intent at the
time that the 1943 deed was conveyed was to reserve 1/5th of Aany leasehold royalty,@ not a fixed 1/5th
of 1/8th royalty interest (a 1/40th royalty interest).  In support of their argument, the Berrys cite
to Luckel and Concord Oil, two supreme court cases, in which the
court construed deeds that contained one or more differing fractions.  Concord Oil Co. v. Pennzoil Exploration &
Prod. Co., 966 S.W.2d 451, 454 (Tex. 1998); Luckel, 819 S.W.2d at
459.  








In Luckel,
the granting and warranty clauses of the royalty deed at issue spoke of a
1/32nd royalty.  819 S.W.2d at 461.  A clause addressing an existing lease and
another clause dealing with subsequent leases stated, respectively, that the
grantee Ashall receive one‑fourth@ and Ashall be entitled
to one‑fourth@ of all royalties, which would equal a
1/32nd royalty under a 1/8th royalty lease. 
Id.  Problems in construing
the deed arose when leases providing for a 1/6th royalty were subsequently
obtained.  Id.  The supreme court held that 1/4th of whatever
royalty was obtained, rather than a fixed 1/32nd royalty interest for every
lease, was conveyed.  Id. at
464.  The court held that the grant of a
1/32nd royalty, however, was a floor for the royalty interest.  Id. at 464B65.  In other words, the 1/4th of whatever royalty
was otherwise payable under any given lease could not result in less than a
1/32nd royalty.  Id.

As in Luckel,
the supreme court in Concord Oil construed a deed under which provisions
other than the granting clause gave rights to the grantee that, considered in
the aggregate, amounted to a larger fraction of the mineral or royalty interest
specified in the granting clause.  See
Concord Oil, 966 S.W.2d at 455.  The
opening paragraph of the deed described a 1/96th interest in the Aestate@ conveyed.  Id. at 457.  The second paragraph recited that Athe estate hereby
conveyed . . . covers and includes one‑twelfth (1/12) of all rentals and
royalty of every kind and character.@  Id. 
The supreme court concluded that the parties= intent was to
convey a single estate that included 1/12th of rents and royalties.  Id. at 459.  The court reasoned that Aif the estate were
only a 1/96[th] interest in the minerals, it would cover and include only
1/96[th] of the rents and royalty.  A
1/96[th] mineral interest could not >cover [] and
include[] one‑twelfth (1/12) of all rentals and royalties.=@  Id. 








We note that the
plain language of the deeds in Luckel and Concord Oil contained
conflicting fractionsCthat is, in Luckel, the first part
of the deed referred to a 1/32nd interest while a later portion of the deed
referred to a 1/4th interest, and in Concord Oil, the first part of the
deed referred to a 1/96th interest while a later portion of the deed referred
to a 1/12th interest.  Id. at 454;
Luckel, 819 S.W.2d at 459.  The
plain language of the 1943 deed, on the other hand, does not contain
conflicting fractions.  

The first part of
the reservation clause in the 1943 deed expressly reserves an Aundivided 1/40th
royalty interest (being 1/5th of 1/8th)@ for J.H. and for
R.C. or for their successors-in-interest. 
The clause goes on to provide that Athere shall be
reserved the usual 1/8th royalty of which 1/8th J. H. Berry shall be entitled
to and receive 1/5th, and R.C. Berry shall be entitled to and receive 1/5th.@  Based on the plain languageCthat is, Aof which 1/8th . .
. shall be entitled to receive 1/5th@CJ.H. and R.C. were
each entitled to receive 1/40th royalty interests (1/5th x 1/8th).  Both portions of the 1943 deed=s reservation
clause refer to 1/40th royalty interests. 
Thus, there is nothing in the 1943 deed to harmonize.  








The Berrys,
relying on Luckel and Concord Oil, argue that the Ausual 1/8th@ language in the
1943 deed should not be construed based on the plain language
doctrine.  Luckel and Concord
Oil, however, do not stand for the proposition that A1/8th@ means something
other than 1/8th.  Instead, these cases
stand for the proposition that when a deed contains conflicting fractions, the
court must construe the deed to harmonize all parts of the deed and to give
effect to the parties= intent. 
See Concord Oil, 966 S.W.2d at 454; Luckel, 819 S.W.2d at
462.  Because the 1943 deed does not
contain conflicting fractions, and because the plain language of the deed is
unambiguous, we hold that the reservation clause in the 1943 deed provides for
a Afractional royalty@ interest rather
than a Afraction of
royalty@ interest.  See Rutherford v. Randal, 593 S.W.2d
949, 953 (Tex. 1980) (AThe absence of an ambiguity in the deed
negates all justification for the consideration of extrinsic evidence
concerning the original intent of the grantor . . . .  Under these circumstances, this court will
limit its search for the grantor=s intent to that
intent which was expressed within the four corners of the deed.@).  Thus, we agree with the Hudspeths= interpretation
that the language of the 1943 deed entitles the Berrys to two fixed 1/40th
royalty interests.  Accordingly, we
sustain the Hudspeths= sole issue.

 

 

 

 

 

 

 

 

 

V.  Conclusion








Having sustained
the Hudspeths= sole issue, we reverse the trial court=s orders and
render judgment that the 1943 deed reserves two fixed 1/40th royalty interests,
resulting in (1) J.H.=s successors-in-interest being entitled to
1/40th of the royalty proceeds under the existing oil and gas lease with H.E.P.
and under any subsequently‑negotiated oil and gas lease, and (2) R.C.=s
successors-in-interest being entitled to 1/40th of the royalty proceeds under
the existing oil and gas lease with H.E.P. and under any subsequently‑negotiated
oil and gas lease.                     

 

BOB MCCOY

JUSTICE

 

PANEL:
MCCOY and MEIER, JJ.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by
Assignment).

 

DELIVERED:
July 15, 2010











[1]See Tex. R. App. P. 47.4.





[2]The interpretation of this
reservation clause is the subject of this appeal.  We reproduce the pertinent portions of the
clause in our analysis below.





[3]A nonparticipating royalty interest
is nonpossessory in that it does not entitle its owner to produce the minerals
himself.  It merely entitles its owner to
a share of the production proceeds, free of the expenses of exploration and
production.  See Plainsman Trading Co.
v. Crews, 898 S.W.2d 786, 789 (Tex. 1995); Luckel v. White, 819
S.W.2d 459, 463 (Tex. 1991); Hamilton v. Morris Res., Ltd., 225 S.W.3d
336, 344 (Tex. App.CSan Antonio 2007, pet. denied).





[4]Crissa and Hayden are
successors-in-interest to J.H.; Michael and Henry are successors-in-interest to
R.C. 





[5]A Afraction of royalty@ interest conveys a fractional
share of the royalty that is contained in an oil and gas leaseCit is not fixed, but rather Afloats@ in accordance with the leasehold
royalty rate.  Range Res. Corp. v.
Bradshaw, 266 S.W.3d 490, 493 (Tex. App.CFort Worth 2008, pet. denied).





[6]A Afractional royalty@ interest entitles the owner to the
specified fractional amount stated in the deed and remains constant regardless
of the amount of royalty contained in a subsequently‑negotiated oil and
gas lease. Bradshaw, 266 S.W.3d at 493.